Pickering v. Howard.

No. 21,606.

I. O. PICKERING, *Appellant*, v. J. L. HOWARD, *Appellee*.

No. 21,612.

J. L. HOWARD, *Appellee*, v. A. C. TOURBIER et al. (I. O. PICK-
ERING, *Appellant*).

SYLLABUS BY THE COURT.

1. FORECLOSURE OF MORTGAGE—*Receiver—Expenditures for Repairs.* It
is held that no error has been shown in crediting a receiver with ex-
penditures for repairs made during his possession of real property.

2. SAME—*Receiver in Possession—Rights to Rents and Profits.* It being
held that a receiver was legally in possession of property after its
sale on execution and before the expiration of the period of redemption,
it is further held that the holder of the equity of redemption has no
right of action against the person who caused the appointment of the
receiver, for the rents and profits during that period.

Appeal from Wyandotte district court, division No. 1;
EDWARD L. FISCHER, judge. Opinion filed June 8, 1918. Af-
firmed.

*I. O. Pickering,* of Olathe, *pro se.*

*David F. Carson,* and *James T. Cochran,* both of Kansas City,
for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1914 J. L. Howard brought an action to
foreclose a real-estate mortgage given by A. C. Tourbier,
making I. O. Pickering a party, he having become the owner
of the fee. Judgment of foreclosure was rendered, which was
affirmed on appeal. (*Howard v. Tourbier,* 98 Kan. 624, 160
Pac. 1144.) In the opinion in that case, which was handed
down July 8, 1916, it was said that a receiver of the property,
who had been appointed before the sheriff's sale, should have
been discharged after the sale unless his retention had been
shown to be necessary in order to prevent waste. It was
specifically stated, however, that the error in denying the
motion to discharge the receiver would not justify a reversal,
but that the judgment would be modified by directing that the
costs and expenses of the receivership from the time of sale

should be charged to the plaintiff, and that the defendant Pickering should be given the income of the property from the time of the sale (June 7, 1915) to the expiration of the period of redemption (December 7, 1916). On March 10, 1917, Pickering began an action against Howard for the rents and profits between the dates just named. On May 25, 1917, Howard filed a motion asking that proceedings therein be stayed until the final disposition of the foreclosure case, because all the matters presented in the new action were involved in the earlier one. On June 9, 1917, the receiver was discharged, and his report showing the expenditure of $65.63 for repairs was approved, an allowance of $25.00 was made for his services, and the remaining sum in his hands ($182.22) was directed to be paid to the clerk for the benefit of the holder of the equity of redemption. This payment was made, and the amount was received by the appellant, August 2, 1917. On July 7, 1917, the motion for a stay filed in the later case was sustained, and a judgment was rendered to that effect, reciting that all matters in controversy therein had been fully and finally adjudicated in the foreclosure action. Pickering appeals from that judgment and also from the orders in the earlier case discharging the receiver and making the allowances for repairs and services already stated.

1. The question whether the court erred in making the orders settling the receivership will be first considered. The appellant complains because no notice was given him of the hearing of the motion to discharge the receiver. No prejudice resulted from the want of notice, for he was given a hearing upon a motion to set aside the rulings that had been made, in which opportunity was given for presenting objections to them. The complaints of the allowances made to the receiver seem to be based on the theory that "there was no authorized receiver in said cause after June 7, 1915." This court, in its prior decision, determined that the receiver ought not to have been continued in possession of the property after the sheriff's sale, except upon a showing that this was necessary to prevent waste; but it concluded not to disturb the possession of the receiver, which could in any event continue for less than six months longer, or to require a further showing as to waste. Inasmuch as jurisdiction had existed

Pickering v. Howard.

to continue the receivership in force if it were necessary to prevent waste, it was thought that this was probably in the mind of the trial court at the time, and that the ends of justice would be best served by allowing the receiver to hold the property, accounting to the appellant for its income. No compensation was allowed the receiver for any services performed after the sheriff's sale. We think it must be assumed, in the absence of a showing to the contrary, that the repairs for which allowance was made were necessary for the reasonable maintenance of the property. We regard the appeal in the receivership matter as not well taken.

2. The appellant argues that in the second case his petition stated a cause of action, and that he was entitled to a judgment thereon because the defendant was in default for an answer or other pleading. The substance of the claim set out in his petition is that he was entitled to the possession of the property from the date of the sheriff's sale until the expiration of the period of redemption; that he had been wrongfully deprived of such possession by the receiver; and that for the loss he had so suffered Howard was liable, presumably on account of his having caused the appointment of the receiver. It may be that a more orderly procedure would have been for Howard to have filed an answer setting up the pendency of the receivership matter, and alleging that any lawful claims of Pickering would be there adjusted; but the form by which a right result is reached is not very material. The motion for a stay was sufficient to challenge the attention of the court to the fact that the basis for the second action was the steps that had been taken in the first one. It was determined in the foreclosure case by the decision of this court that the receiver should not be removed or dispossessed. That was an adjudication that the possession of the receiver during the period of redemption was legal, although it might originally have been irregular, and that Pickering's only remaining right with respect to the use or rents and profits of the property up to the expiration of that period was to look to the receiver for its net income. That being the situation, the second action was clearly not maintainable, and the appellant suffers no substantial injury on account of the disposition that was made of it.

Both judgments are affirmed.