In re GOLDMAN.

(District Court, S. D. New York. May 15, 1900.)

EXECUTION SALES—TIME FOR REDEMPTION—BANKRUPTCY OF DEBTOR—STAY.
   Where a creditor, holding a judgment which constituted a valid legal lien on real estate of his debtor, caused the same to be sold on execution and bid in the property, and, pending the period allowed by the state law for redemption, the debtor was adjudged bankrupt, but his trustee was not appointed until after the expiration of such period, and thereafter the sheriff made a deed of the property in question to the purchaser, *held*, that the time for redemption was not enlarged by the intervening bankruptcy proceedings, and that the purchaser's title under the sheriff's deed was valid as against the trustee in bankruptcy. Stay of proceedings continued sufficient to give trustee opportunity to bring plenary suit to set aside fraudulent conveyance.

(Syllabus by the Court.)

In Bankruptcy.

Horwitz & Samuels, for bankrupt.
Kurzman & Frankenheimer, for creditor and trustee.
Edward V. Thornall, for judgment creditor.

BROWN, District Judge. The trustee in bankruptcy moves to enjoin the collection of the rents and profits of No. 314 East Houston on the ground that the sheriff's deed of the premises, being made after the appointment of the trustee, is void as against him.

One Beckstein obtained a judgment against the bankrupt, the former owner of the premises, which by the state law became a legal lien upon the bankrupt's real estate. On execution issued upon that judgment, the sheriff sold the premises in question to Beckstein on March 11, 1898.

By the state law, the judgment debtor upon such sales has one year thereafter in which to redeem, and any other judgment creditor has three months' further time to redeem from the sale, on payment of the amount bid with interest and charges; and until the lapse of that period the judgment debtor's title is not devested. After fifteen months from the sale, if there is no redemption, the purchaser has a right to a deed of the premises, and it is by statute the duty of the sheriff to execute such a deed to the purchaser.

In the present case there was no redemption, so that on June 12, 1899, after the lapse of fifteen months from the sale, Beckstein became entitled to a deed from the sheriff, unless the intervening bankruptcy proceedings suspended that right.

Goldman on December 30, 1898, was adjudicated a bankrupt on his petition filed that day; nearly a year afterwards, on December 8, 1899, a trustee in bankruptcy was appointed, and on December 14, 1899, the sheriff executed the deed to Beckstein.

I do not find anything in the bankrupt act of 1898 to invalidate either the lien of Beckstein acquired much more than four months prior to the bankruptcy proceedings, or the sheriff's deed given after the appointment of the trustee. No doubt the trustee, had he been earlier appointed, might have redeemed from the sale as representative of the bankrupt, or of his creditors, prior to the lapse of fifteen months, i. e. up to June 12, 1899. But this was not done, and there is nothing in the state law that enlarges the time for redemption in cases of bankruptcy, and as I have said, there is no express provision in the bankrupt act having that effect. The state courts cannot enlarge the time. Weed v. Weed, 94 N. Y. 243. See, also, In re Eldridge, 12 N. B. R. 540, Fed. Cas. No. 4,331, and cases there cited; Norton v. De La Villebeuve, 13 N. B. R. 304, Fed. Cas. No. 10,350.

Until the sheriff's deed is actually given, the title of the judgment debtor, it is true, is not devested; and, therefore, on the appointment of the trustee on December 8, 1899, the trustee took whatever right, title or interest the bankrupt then had in the land sold. But all his beneficial interest in it was then gone by the lapse of more than fifteen months, during which redemption might have been made by any one; so that inasmuch as only beneficial interests pass to the trustee, in effect no interest of any value vested in the trustee.

Section 70 provides, indeed, that the trustee shall be vested with the bankrupt's title as of the date of adjudication, and this no doubt operates to defeat any new adverse proceedings, or the acquisition of any rights prejudicial to creditors in the interim. But this provision cannot enlarge the bankrupt's rights of property, or prolong his estate.

If when his petition was filed on December 30, 1898, he had held a valuable leasehold which expired in June following, no one would contend that the trustee appointed in December following would then take any then existing leasehold estate; and though he might recover for the rents and profits up to the expiration of the lease, the lease itself would expire at the appointed period by its own limitation. And it is so with the debtor's title here. By the sale under execution more than four months before the petition was filed, the creditor acquired not only a specific lien which the bankruptcy law protects, since it contains nothing to avoid it; but the creditor acquired thereby some-. thing more than a mere lien, viz. an absolute right to the property sold unless it was redeemed within fifteen months thereafter. From the moment of sale, therefore, the bankrupt had *nothing remaining* but a defeasible title certain to expire under the limitations of the statute unless redeemed within the statutory period. Had the trustee been appointed at once, he could have taken no better or different title than the defeasible one which the bankrupt himself held; and all the beneficial interest of the bankrupt expired by force of the statute on June 12, 1899. The purchaser's right to a deed was then complete, and the sheriff's delivery of the deed to him in December following was no legal wrong to the bankrupt's estate. The nominal title which in the meantime remained in the bankrupt was only for Beckstein's benefit.

Under a somewhat similar section (44) of the English bankruptcy act of 1883, though powers and a right to call for a renewal of a term vest in the trustee (Williams, Bankr. Prac. [7th Ed.] 209); yet it has been held that such a beneficial power cannot be exercised by the trustee after the bankrupt's death, though it might have been exercised before his death (Nichols v. Nixey, 29 Ch. Div. 1005). It was there held that the power being for a limited time, viz. during the bankrupt's life, that it could not be exercised by the trustee afterwards. And here was a similar time limit upon the possible right of redemption, which could not be extended.

The question turns upon the nature of the lien acquired more than four months prior to the bankruptcy petition. Here the lien was an absolute lien, ripening into a statutory title unless redeemed within the statutory period. In the case of In re Lesser (D. C.) 100 Fed. 433, to which reference has been made, the so-called lien had no existence prior to the suit; and the suit was only to secure a preference by means of a future judgment to appropriate certain equitable assets to pay the debt, without any prior lien. There the only lien was an inchoate and contingent one, held to be dependent upon the subsequent judgment. This case is wholly different, and the purchaser's title is I think valid.

I have treated this case as though the judgment debtor had held the legal title during all the periods referred to. In fact, he had conveyed this and other property to different persons prior to the recovery of Beckstein's original judgment. The creditor treated these conveyances, however, as fraudulent and void, and as he had a right to do, disregarded them. Upon a subsequent judgment creditors' bill these conveyances were adjudged to be fraudulent and void, so

that they do not affect the result. If the still subsequent arrangements by which Beckstein's rights have been transferred in the bankrupt's interest are, as alleged, fraudulent as to creditors, the trustee's rights must be asserted by plenary suit.

The stay will be limited to opportunity for such suit, and thereafter dissolved.