### In re NOVAK.

(District Court, N. D. Iowa, Cedar Rapids Division. October 11, 1901.)

BANKRUPTCY—TITLE OF TRUSTEE TO MORTGAGED PROPERTY—RIGHT OF REDEMPTION.

Where under the state laws the legal title to mortgaged property remains in the mortgagor, such title vests in his trustee in bankruptcy, together with his statutory right of redemption from a foreclosure sale under a decree rendered after the adjudication.

111 F.—11

In Bankruptcy. On certificate of referee presenting question of right of trustee to redeem certain realty from foreclosure sale.

S. H. Fairall, Ranck & Bradley, and W. J. Baldwin, for trustee.

Remley & Ney, for bankrupt.

SHIRAS, District Judge. The question presented by the certificate of the referee is whether the trustee in this case has the right to redeem certain realty from a sale made thereof under a decree of foreclosure rendered by the district court of Johnson county, Iowa, on the 17th day of September, 1900, in which case the bankrupt and the trustee were made parties defendant. On behalf of the bankrupt it is contended that the decree, by its terms, bars all equity of redemption, and therefore the trustee cannot exercise such right, and furthermore that, if not barred by the terms of the decree, the trustee possesses and can exercise only the right of redemption conferred by the statutes of Iowa upon creditors of the debtor, who are required to redeem within nine months from the date of sale, and that the right reserved by the statute to the judgment debtor to redeem within the three months succeeding the nine months is a personal right belonging to the debtor, which will not pass to the trustee in bankruptcy. The decree of foreclosure in terms bars all the equity of redemption of all of the defendants, but this only means that the equitable right to redeem from the mortgage is barred, leaving to the parties the rights of redemption from the sale which are provided by the statutes of Iowa. If it be true that in this case the trustee possesses only the right of redemption accorded to creditors, then he cannot redeem from the sale, as that took place more than nine months ago. Under the law of Iowa the title to mortgaged realty remains in the mortgagor, and under the provisions of section 70 of the bankrupt act there passed to the trustee in this case the title held by the bankrupt at the date of the adjudication to all "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." The adjudication in bankruptcy preceded the entry of the decree of foreclosure, and therefore at the date of the adjudication the title to the realty passed to the trustee, and was vested in him at the date of the decree and at the date of the sale had thereunder. Under these circumstances the trustee is the successor to the rights of the bankrupt in said property, including the statutory right of redemption; and the referee rightly held that there was no interest left in the bankrupt which would preclude the trustee from exercising the right to redeem the property in case it was deemed advisable so to do.

The ruling of the referee is therefore affirmed.

As a matter of equity, the trustee should act promptly in the premises, and, if he concludes not to redeem the property, he should at once notify the bankrupt of such conclusion, in order that the latter may redeem from the sale if he wishes to do so.