[No. 18061.   Department One.   July 3, 1923.]

THE STATE OF WASHINGTON, *on the Relation of J. J. Geary, as Receiver etc., Appellant,* v. A. W. FRATER, *Judge of the Superior Court for King County, Respondent.*[1]

CORPORATIONS (224)—MORTGAGES (252)—INSOLVENCY—POWERS AND DUTIES OF RECEIVER — SALE OF EQUITY OF REDEMPTION — PERSONAL NATURE OF RIGHT. Where a mortgage on all the property of an insolvent corporation was foreclosed, and the property sold subject to the right of redemption, leaving no assets except the equity of redemption, and there were no means to redeem the property, the receiver is properly authorized to sell the equity of redemption for the benefit of creditors (HOLCOMB, J., dissenting).

Certiorari to review an order of the superior court for King county, Frater, J., denying a receiver's application for authority to sell the equity of redemption of an insolvent corporation.   Reversed.

*Raymond J. McMillan* and *Ernest K. Murray,* for appellant.

*Arthur E. Griffin,* for respondent.

[1]Reported in 216 Pac. 839.

MITCHELL, J.—The Enumclaw Milk & Cream Company, a corporation, gave a mortgage on all of its real and personal property. The mortgage was foreclosed by an action in the superior court, and all of the property, both real and personal, was sold by the sheriff at execution sale. An order confirming the sale of the real property was duly made and entered. There was a deficiency judgment. Thereafter the superior court, upon proceedings therefor, found that the corporation was insolvent and appointed a receiver to liquidate its assets and apply them to the claims of its creditors. The receiver made application to the superior court for an order directing him to sell the right of redemption from the mortgage foreclosure sale. The petition was resisted by the corporation alone upon its claim that the right to redeem was not subject to sale, but was a privilege personal to itself. The petition was denied, and from that order the case has been brought to this court.

The only question presented is the power to authorize the receiver to sell the right of redemption, so far as the same now relates to the rights of the corporation as such. The receivership is a general one. The corporation is insolvent. It had nothing of value at the time the receiver was appointed other than the right to redeem the real property from the sheriff's sale. It would require approximately $20,000 to redeem from that sale. The receiver manifestly has no means wherewith to make redemption, nor has the insolvent corporation such means if it were otherwise qualified and permitted to redeem. The sheriff's sale was made subject to the right of redemption, and it is fair to assume that, for that reason, the sale price was less than it would have been had there been no such right of redemption. This difference was a thing

of value, and it is the duty of the court, through its receiver, to make it available for the benefit of creditors, if possible.

The corporation, as such, cannot be harmed by the sale, because of its insolvency and inability to redeem; nor would it be permitted to sell the right of redemption, assuming it to be of salable value, and divide the amount received therefor among its stockholders, since that plan would be contrary to the well established trust fund doctrine of this state. Assuming, as we must at all times for the purpose of this case, that the purchaser of the right can redeem from the sheriff's · sale, the adoption of a rule which would deny or withhold the power and propriety of a receiver's sale of it under such circumstances as those existing in this case would open the door to imposition upon creditors at the hands of scheming corporate officials.

To illustrate: A corporation having real property of the value of $100,000, mortgages the same for $25,000, and the mortgage is subsequently foreclosed and the property sold for less than enough to satisfy the judgment. Thereafter a receiver is appointed for such corporation on the ground of its insolvency, it having at that time nothing of value other than the right to redeem the $100,000 worth of real property from the $25,000 execution sale. In such a case, to hold that there could not be a receiver's sale of the right of redemption simply because of the so-called · personal privilege or right of the corporation to redeem, would defeat all rights of creditors and at the same time would be entirely out of harmony with the trust fund doctrine of this state.

Under the rule that a general receiver of an insolvent corporation represents both the corporation and its creditors, some question has been made in appel-

lant's brief as to the right of the corporation to otherwise appear in this case.   However, no such objection was made in the trial court, and because of our conclusion in favor of the receiver on the appeal, we find it unnecessary to further refer to that question.

The order appealed from is reversed.

MAIN, C. J., BRIDGES, and MACKINTOSH, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.   The attempt to sell the right of redemption is not authorized or known to the law.   It is naught but an attempt to cut off the statutory right of redemption, a mere personal right and an unheard-of thing.