No. 25,962.

In re the Estate of ROBERT L. WOOD, Deceased; IDA M. MANUEL, *Appellant,* v. C. M. GREGORY, as Administrator, etc., *Appellee.*

SYLLABUS BY THE COURT.

MORTGAGES—*Right to Redeem—Devolution at Death of Mortgagor.* Where after the death of the mortgagor (and owner of the land) a real-estate mortgage is foreclosed and the property sold by the sheriff, subject to redemption within eighteen months, the right of the heir of the mortgagor to possession of the property for that period, with the privilege in the meantime to redeem according to the terms of the statute, is not subject to sale on order of the probate court for the payment of debts of the decedent and cost of administration.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion filed May 9, 1925. Reversed.

H. C. O'Reilly, of Strong City, for the appellant.

Gilbert H. Frith, and Louis E. Clevenger, both of Emporia, for the appellee.

The opinion of the court was delivered by

Mason, J.:    Robert L. Wood died intestate April 15, 1920, his sole heir being his widow, now Ida M. Manuel.    After his death a real estate mortgage he had given was foreclosed and on July 16, 1923, the land was sold, the period allowed for redemption being eighteen months.    On January 16, 1924, the probate court granted an application of the administrator for an order to sell this land for the payment of debts.    The widow appealed to the district court, which on March 4, 1924, made a similar order, with a modification not here important.    This appeal is taken by the widow from that ruling.

The property undertaken to be sold under the order is the rights which the widow has under the statute with respect to the redemption of the land.    The statute provides:

"The rights of the defendant owner in relation to redemption may be assigned or transferred, and the purchaser or assignee thereof shall have the same right of redemption as the defendant owner; but the right of redemption shall not be subject to levy or sale on execution." (R. S. 60-3455.)

The administrator contends that a sale ordered by the probate court to pay debts of a decedent is not a sale on execution within the meaning of the phrase as there used—that it is not within the letter or spirit of the language used, and that a sale of the right of redemption was properly made.    The last clause of the section quoted was not in the Iowa act from which our own was largely taken, and our attention is not called to a similar provision in the laws of any other state.

The interpretation of the section may be aided by considering an important purpose of the statute of which it is a part—to afford the owner of the land sold by the sheriff an opportunity to retain it through a payment made from the profits arising from its use for eighteen months.    If the right reserved to him by the statute—to retain the possession of the land for a fixed period with the privilege of redeeming it—were subject to be taken by a creditor this purpose would be defeated.    To prevent this the clause was inserted that "the right of redemption shall not be subject to levy or sale on execution."    The language should be interpreted liberally to promote the general end sought, rather than strictly according to the bare letter.    A purpose is not lightly to be attributed to the legislature to withhold the occupancy and use of the land for eighteen months

In re Estate of Wood.

from the creditor (in this case a first lien holder) for whose benefit the sheriff's sale was made, while leaving it open to the claims of other creditors. There is no difficulty in saying that although what is literally forbidden is the taking of the right of redemption on execution, the right referred to is the same as that described in the first part of the sentence as "the rights of the defendant owner in relation to redemption," and includes the right of possession; and that the statute does not mean that a creditor may wrest that right from the owner by a seizure and sale (for instance) under attachment. Unless by reason of some general or specific provision found elsewhere in the statute with which such view is inconsistent the section under consideration should be construed as exempting the right of redemption from forced sale by any process. We regard the clause forbidding a sale upon execution of the right of redemption as intended to evince rather a general policy of exemption than to distinguish between seizure by that process and any other.

A general unsecured creditor of the debtor whose land is sold on execution or order of sale under mortgage foreclosure is not permitted to subject the right of redemption to the payment of his claim. By putting the claim in judgment before the expiration of the period of redemption and thereby acquiring a lien on the debtor's nonexempt real estate, he becomes entitled, not to have the right of redemption sold and the proceeds applied to it, but to redeem for himself if the debtor does not do so within a year. (R. S. 60-3441.) When the debtor dies owing a general creditor whose claim has not been placed in judgment a new situation is created. The creditor no longer has a personal demand against any one, but he has acquired a right to look for payment to the property the decedent owned at his death, including the realty if necessary. This right is not technically a lien, but it is quite similar to a lien. It gives him who possesses it much the same means for his protection as though he had one. By seeing to it that the land when sold by the sheriff brings its full value, he can insure the application of the surplus over the mortgage debt to his own claim. Perhaps he might also be considered a lien holder within the meaning of the statute giving lien holders a secondary right to redeem—a right possibly capable of being exercised by the administrator in behalf of all the creditors—a matter which need not be here gone into.

The fact that claims for funeral expenses and costs of adminis-

*In re* Estate of Wood.

tration may in some cases go unpaid while the heirs of the decedent enjoy the rents and profits of land which he had owned and which since his death has been sold under a mortgage foreclosure is not a conclusive reason for holding the right of redemption to be subject to their payment. The policy of the law which creates the right of redemption has in other situations the effect of preventing the payment of just debts, to the advantage of the debtor.

A strong argument in favor of holding the right of redemption subject to sale to pay the decedent's debts on order of the probate court is that if no foreclosure had been had the probate court could have directed the sale of the land subject to the mortgage lien, and it seems incongruous that the right of the creditors to look for payment to the value of the land in excess of the mortgage should depend upon the course chosen by the mortgagee. We regard it as a sufficient answer to this contention to say that in this respect the creditors are in much the same situation in which they would be placed by the sale of the land on foreclosure during the life of the mortgagor. In that case they could not interfere with the mortgagor's possession for eighteen months, nor with his right to redeem. If no redemption were made the possibility of their appropriating the land to the payment of their claims would be gone forever. If the mortgagor should redeem they seemingly might then (unless they had become lien holders, having a deferred right to redeem) enforce payment by execution. (R. S. 60-3460.)

With the death of the mortgagor in the present case his heir became the owner of the land subject to the mortgage and subject also to the right of the creditors to look to it for the payment of their claims. If the creditors had been actual lien holders they could not, merely by virtue of their lien, have subjected to sale the owner's right of occupancy and redemption. Their sole remedy in that aspect would be to redeem if the owner did not. We see no such consequent disparity of relief, nor any such inequity, as to forbid the liberal interpretation of the law which has been suggested, and we hold that the probate court had no power to order the sale of the appellant's right of redemption or his right to occupy the land during the redemption period.

The question whether, in case the appellant should redeem, the land would then be subject to sale for the payment of claims against the estate, is not presented. If the appellant has not redeemed it cannot arise. The record shows affirmatively that what the credit-

ors, as represented by the administrator, sought was to realize on the value of the use of the land during what remained of the eighteen months succeeding the sheriff's sale.

The judgment is reversed and the cause remanded with directions to render judgment for the appellant.