GARBER v. BANKERS' MORTGAGE CO.
et al.

District Court, D. Kansas, First Division.
July 17, 1928.

No. 834-N.

1. **Bankruptcy ☞396(1)—Bankrupt's equity of redemption under state law held not exempt; "valuable property right" (Rev. St. Kan. 1923, 60–3439, 60–3440, 60–3455, 60–3460; Bankr. Act, §§ 6, 70 [11 USCA §§ 24, 110]).**

Bankrupt's equity of redemption in nonexempt property, pursuant to Rev. St. Kan. 1923, 60–3439, 60–3440, being subject to transfer under section 60–3455, constitutes a valuable property right, which is not exempt, within meaning of Bankruptcy Act, §§ 6, 70 (11 USCA §§ 24, 110), allowing a bankrupt those exemptions which are prescribed by the state laws, notwithstanding the provision that right of redemption should not be subject to levy or sale

on execution, nor provision of Rev. St. Kan. 1923, 60–3460, to effect that real property, once sold on execution, should not again be liable for sale on any balance due on judgment or any lien inferior thereto.

2. **Courts ☞366(19)—Federal courts are bound by state court decisions construing exemption statutes.**

United States courts are conclusively bound by the decisions of state courts in construing exemption statutes.

3. **Courts ☞365(3)—State decisions as to meaning of property, within Bankruptcy Act, are not controlling (11 USCA).**

State decisions, interpreting state statutes, are controlling on the United States courts, though what is property, within meaning of Bankruptcy Act (11 USCA), is not controlled by state decisions.

4. **Bankruptcy ☞205—Trustee's right to redeem under bankrupt's equity of redemption is lost, if not exercised within statutory time.**

Right of trustee in bankruptcy to redeem under bankrupt's equity of redemption is lost, if not exercised in time provided by statute, since bankruptcy does not extend period of redemption.

5. **Bankruptcy ☞205—Trustee, failing to redeem under bankrupt's equity of redemption within statutory time, lost such right (Rev. St. Kan. 1923, 60–3439).**

Trustee in bankruptcy, failing to exercise right to redeem under bankrupt's equity of redemption, pursuant to Rev. St. Kan. 1923, 60–3439, within 18 months, as required therein, lost such right to redeem.

6. **Bankruptcy ☞205—Trustee held entitled to rents and profits under bankrupt's equity of redemption during period covered by bankruptcy.**

Trustee in bankruptcy *held* entitled to rents and profits to which bankrupt was entitled under equity of redemption during period covered by bankruptcy.

At Law. Action by C. A. Garber, trustee, against the Bankers' Mortgage Company and others. Judgment in accordance with opinion.

McClintock, Quant & Logan, of Topeka, Kan., and Turner, Stanley & Turner, of Mankato, Kan., for plaintiff.

Burch, Litowich & Royce, of Salina, Kan., for defendants.

R. C. Postlethwaite, of Mankato, Kan., for Glen Pearcy, the bankrupt.

McDERMOTT, District Judge. This action presents a question of far-flung importance in the business affairs of this state. That question is: Does an equity of redemption in otherwise nonexempt real estate pass to the trustee in bankruptcy for the benefit of his creditors? Or, may a man, equipped with the right to redeem, go into bankruptcy,

27 F.(2d)—39

be discharged from all his debts, and, having exercised the right after the petition in bankruptcy was filed, possess himself of property of unlimited value, while his creditors take nothing?

The bankrupt herein owned a business property of very large value; temporarily embarrassed, mechanics' liens were foreclosed, and the property sold by the sheriff for the amount of the liens and costs, a little less than $50,000. A few days later bankruptcy proceedings were filed. Then the bankrupt, through a transferee, exercised the right to redeem. This action is to set aside certain conveyances, and for general relief. The object of the litigation is to vest the trustee with the value of the equity of redemption; that is, the value of the property above the sheriff's sale price, plus the rental value of the property during the redemption period. The rental value was from $600 to $800 a month. The other assets of the trustee are less than $100.

To understand the importance of the question, it is necessary to refer to the redemption laws of Kansas. The owner may redeem the property from sheriff's sale at any time within 18 months from the day of the sale, and in the meantime is entitled to the possession of the property. Section 60—3439, Rev. St. Kan. 1923. Between the twelfth and fifteenth month, any creditor, whose claim is a lien on the land, has a concurrent right to redeem. Section 60–3440, Rev. St. Kan. 1923. A practical result of the liberal period of redemption is that ordinarily properties are bought in at the sale for the amount of the liens and costs. A disinterested investor would be foolish to bid anything approaching the actual value of the property, for not only is his right of possession deferred for 18 months, but the owner has an option for that period; if the then fair value was bid, the investor takes all risk of fluctuation in value; if values increase, the owner redeems; if they shrink, the investor is left with his bad bargain. Naturally, therefore, there is generally a considerable value in the redemption right, as well as the right of occupancy.

The statute also provides that this right of redemption may be "assigned or transferred." Section 60–3455, Rev. St. Kan. 1923. It is therefore a valuable property right, which, unless exempt by virtue of section 6 of the National Bankruptcy Act (11 USCA § 24), passes to the trustee in bankruptcy under section 70 of the same act (11 USCA § 110). It is not only "property which prior to the filing of the petition he could by any means have transferred," as provided by subsection 5 (11 USCA § 110 [a] [5]); it is also a power "which he might have exercised for his own benefit" as provided by subsection 3 of section 70 (11 USCA § 110 [a] [3]). If the property is exempt, it does not pass, for exempt property is excepted from the operation of section 70, not only by section 6, but also by the provisions of section 70 itself, which says, "except in so far as it is to property which is exempt."

[1] Is this property "exempt," within the meaning of sections 6 and 70 of the bankruptcy law? Section 6 allows a bankrupt those exemptions "which are prescribed by the state laws." The Kansas statutes provide for certain exemptions generally to debtors; like most statutes, these exemptions are limited, either in amount or value, and are designed to keep avaricious creditors from stripping a debtor to the skin. A homestead of limited acreage is exempt; his wearing apparel, his cooking utensils, and household furniture up to $500; two cows, ten hogs, and a team of horses; enough food for a year and his tools of trade; a family Bible, a pew in the church, and finally a niche in the cemetery. These, the statutes place beyond the reach of creditors. Sections 60–3501, 60–3504, Rev. St. Kan. 1923. Did the Kansas Legislature intend, in addition to these, to equip each citizen with an unlimited amount of property which his creditors could not reach?

The defendants so contend, and rely upon section 60–3455, Rev. St. Kan. 1923, which reads in part: "But the right of redemption shall not be subject to levy or sale on execution." Reference is also made to section 60–3460, which shortly provides that real property, once sold on execution, shall not again be liable for sale for any balance due on the judgment, or for any lien inferior thereto. This section has been construed to only bar creditors who were parties to the suit. Stacey v. Tucker, 123 Kan. 137, 254 P. 339.

Is section 60–3455, supra, a statute of exemption? Its wording is similar to that of ordinary exemption statutes, and the question is not free from doubt. If the matter were one of first impression, I should hold that it is not an exemption statute, referred to by section 6 of the Bankruptcy Act. My reasoning is this: The purpose of the exemption statute is to leave a debtor, no matter how hopeless his condition, a place to live, something to eat and wear, and something to work with. It is not the purpose of an exemption statute to enable a debtor, in addition, to withhold an entirely unlimited

amount of valuable property from his honest creditors. Yet, if that section is an exemption statute, that is what it does. What was the intent of the section? Its purpose is to protect the right of redemption itself. The section is found in that part of the statutes devoted to redemptions, and not exemptions.

The purpose of the redemption statute is to give a solvent debtor a chance to turn around and save his property from a ruinous sale. It is designed primarily for the solvent debtor who is temporarily embarrassed; a farmer has lost his crop; a home owner has lost his job; sickness or some other misfortune has given him a set-back; he cannot meet his interest, and foreclosure results. His property is bid in at a price far below its value. The right to redeem gives him the chance to raise another crop, get another job, or make a turn and save the equity in his property. The right would be a barren one, if a creditor could levy upon it before he had a chance to exercise it; and hence the statute. It holds this right of redemption away from creditors, until he has a chance to exercise it. If he does redeem the property, the property itself is not exempt from his creditors; if he sells the equity, the purchase price is not exempt. The right to redeem, and this statute protecting that right, is for debtors who are striving to save their property. "The purpose of the redemption law is to prevent the sacrifice of the debtor's land, make it discharge his debt to the extent of its value, and to give other creditors a chance to bid its full value so as to secure something on their claims." Kueker v. Murphy, 86 Kan. 332, 120 P. 362.

But, when bankruptcy intervenes, the whole situation is changed. The honest bankrupt is making no effort to save his property; he turns all his nonexempt property over, in return for a cancellation of his debts. The bankrupt seeks not to save property, but seeks a new start in life. Bankruptcy makes another great difference: The statute in question may postpone the day when the creditor may look to the value in the equity of redemption; but as soon as the equity is sold, or the right of redemption exercised, the creditor may then look to the proceeds of the sale, or to the property redeemed. But let bankruptcy intervene, and then the creditor's claims are discharged, and the bankrupt walks off with a property right, or its proceeds, which is unlimited in value. In fact, a dishonest man, within the pale of the law, might easily suffer a business block to be sold on execution for a $1000 judgment, go into bankruptcy the next day, and redeem the next, and have a

fortune, while his creditors walk the streets. The matter is further complicated by a train of queries. Nearly all bankrupts have mortgaged their real estate; probably no one would say that a sale of mortgaged real estate by a trustee in bankruptcy gave the bankrupt a right to possession and redemption for 18 months, a right which would make mortgaged real estate of little or no value to bankrupt estates; yet, if the right of redemption is an exemption, such result might well follow.

The case is not, however, one of first impression. Without going back to the earlier cases, the Supreme Court of Kansas has held that a receiver could not appropriate the rents or the right (Howard v. Tourbier, 98 Kan. 624, 160 P. 1144; Smith v. Shaver, 112 Kan. 790, 212 P. 666; Jones v. Perkins, 115 Kan. 759, 225 P. 97; Slabaugh v. Bank, 123 Kan. 484, 256 P. 139); that it passed to the heirs, and an administrator could not appropriate it for debts (In re Estate of Wood, 118 Kan. 548, 235 P. 864; Bank v. Diamond, 119 Kan. 294, 239 P. 970); that it does not pass to a trustee in bankruptcy (Trinkle, Trustee, v. Chase, 122 Kan. 781, 253 P. 210); it has said that this statute was "intended to evince a general policy of exemption" (Estate of Wood, supra); and, finally, it has held that the particular property involved in this litigation did not pass to the plaintiff in this action (Bankers' Mortgage Co v. Robson, 123 Kan. 746, 256 P. 997).

[2] There is little room for misunderstanding as to the interpretation of the Supreme Court of Kansas upon this statute. Neither is there the slightest room for doubt upon the question that the United States courts are conclusively bound by the decisions of the state courts in construing exemption statutes. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018; Steele v. Buel (C. C. A.) 104 F. 972; Ralph v. Cox, 1 F.(2d) 435 (8th C. C. A.); Eaton v. Trust Co., 240 U. S. 427, 36 S. Ct. 391, 60 L. Ed. 723, and countless other cases. Notwithstanding the grave consequences that seem to me to follow, and notwithstanding that many of the considerations now suggested appear not to have been called to the attention of the Supreme Court of Kansas, I should immediately follow those decisions, if it were not for another very perplexing question in the case. It is this:

This court has held, earlier in this litigation, and prior to the latest decisions of the Kansas Court above cited, that this statute is not an "exemption" statute, within the meaning of section 6 of the Bankruptcy Act.

The Supreme Court of Kansas says it is. Conceding that this court is bound by the state decisions as to the interpretation of an admitted exemption statute, query, is this court bound by a state decision as to what is or is not an exemption statute?

[3] The general rule, of course, is that state decisions interpreting state statutes are controlling upon the United States courts. Yet what is "property," within the meaning of the Bankruptcy Act, is not controlled by state decisions. The Supreme Court of Illinois held that a membership on the Chicago Board of Trade was not "property," and did not pass to a trustee in bankruptcy. Barclay v. Smith, 107 Ill. 349, 47 Am. Rep. 437. The Supreme Court of the United States declined to follow the state decision, and held the membership did pass, Chief Justice Taft writing the opinion. Chicago Board of Trade v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533. The first syllabus is:

"Decisions of state courts defining property rights do not bind the federal courts in bankruptcy, when contrary to the policy and proper construction of the Bankruptcy Act [11 USCA]."

An even stronger case is that of Page v. Edmunds, 187 U. S. 596, 23 S. Ct. 200, 47 L. Ed. 318. The Supreme Court of Pennsylvania had held that a membership on the Philadelphia Stock Exchange was not property that was transferable (Thompson v. Adams, 93 Pa. 55), and had also held that it could not be levied on by creditors (Pancoast v. Gowen, 93 Pa. 66). The Supreme Court held it passed to the trustee in bankruptcy. The court held that, if it could be transferred, the question whether it could be levied upon is immaterial. After quoting subsections 3 and 5 of section 70 of the Bankruptcy Act, the court pointed out that the trustee took property that could be *either* transferred *or* which might have been levied upon. Justice McKenna said (italics are the court's):

"Was the seat in the Stock Exchange property which could have been by any means transferred, *or* which might have been levied upon and sold under judicial process? If the seat was subject to either manner of disposition, it passed to the trustee of the appellant's estate."

That is, the fact that property may not be levied upon does not necessarily mean it is "exempt" property. Despite the Pennsylvania decisions, it was held that this property passed to the trustee. It is here conceded that the right to redeem is subject of transfer, although not subject to levy.

Upon the precise question here presented, there appears to be very little general law; authorities from other states, with different statutes, are not particularly helpful. There are general statements to the effect that the trustee is vested with the equity of redemption. "So, also, he may exercise the bankrupt's right to redeem mortgaged property, and may do so even after the creditors' time for redemption conferred by state statute had expired, if it is still within the bankrupt's statutory time, although this right usually is held to be purely personal to the debtor and not to inure to creditors." Remington on Bankruptcy (3d Ed.) § 1485. See, also, In re Novak, 111 F. 161 (D. C. Iowa); In re Goldman, 102 F. 122 (D. C. N. Y.); USCA tit. 11, § 110, note 153, and cases cited; State v. Frater, 125 Wash. 432, 216 P. 839, 35 A. L. R. 261. Except the Kansas cases above cited, no authorities to the contrary have been cited.

The federal courts are charged with an undivided responsibility in the administration of the Bankruptcy Law. They are constantly confronted by efforts of dishonest debtors, who seek release from their debts without surrendering all their property. To hold that an equity of redemption of nonexempt property does not pass to the trustee opens the doors so wide to dishonest devices to defraud creditors that I cannot sanction it. Outside of the bankruptcy court, the statute in question is necessary to protect the right to redeem; but, when bankruptcy comes, with its discharge of debts, that statute, construed as defendants claim, becomes a weapon for fraud. The Supreme Court of Kansas, for more than half a century, has stood as the champion of honest creditors, and has never yet defended dishonesty or fraud. If charged with the responsibility of the administration of this law, I have no doubt its answer would be the same as that of this court.

[4] I therefore hold that the trustee in bankruptcy is vested with the equity of redemption of a bankrupt in nonexempt property. The right to redeem is lost, however, if not exercised, in the time provided by statute. Bankruptcy does not extend the period of redemption. It could not prolong the period, for the purchaser at the sale, not a party to the bankruptcy, has a vested right in the matter. In re Goldman (D. C.) 102 F. 122.

[5] It appears that neither the receiver nor the trustee exercised, or undertook to exercise, the right within the 18 months. In fact, no effort was made, even by a show-cause order, to determine the right within the 18 months. The trustee inquires: What could

I have done? He could have tendered the redemption money into court, or sold the right. But, whether he was helpless or not, the fact is that the right to redeem was lost by inaction. The trustee, therefore, has no concern with the property.

[6] He did have the right to the rents and profits, however, during that part of the period covered by the bankruptcy. A decree directing an accounting for the rents and profits, so far as received by parties to the action, giving appropriate credit for taxes, insurance, and upkeep during the same period, will be entered. The matter of counsel fees can be taken care of after the accounting.