### In re Theodore Gould SINKER and Hilda Marie Sinker, Debtors.

No. 87–4168–R.
Bankruptcy No. 85–40213.

United States District Court,
D. Kansas.

March 21, 1990.

Ralph E. Skoog, Topeka, Ks., for appellants.

Larry E. Schneider, Topeka, Ks., Jack R. Euler, Troy, Ks., Larry E. Ward, Emporia, Ks., for appellees.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an order of the bankruptcy court. Appellants Theodore and Hilda Sinker, husband and wife, contend that the bankruptcy court erred in allowing the bankruptcy trustee to sell their redemption rights in certain real property. Having carefully viewed the memoranda of the parties, the court is now prepared to rule.

The facts pertinent to this appeal are not in dispute. On February 22, 1985, the appellants, who are farmers, filed a Chapter 11 bankruptcy petition. In the schedules attached to their petition, appellants claimed 160 acres of farm ground as exempt pursuant to K.S.A. 60–2301. After two years of various proceedings, the bankruptcy court determined that a feasible plan could not be proposed by the appellants and dismissed their Chapter 11 proceeding. The bankruptcy court noted in the dismissal order that administrative expenses had been incurred during the pendency of the proceeding. The court ordered the appointment of a trustee to liquidate a sufficient amount of the non-exempt, unencumbered property of the estate to pay these administrative expenses. The trustee subsequently arranged for the sale of the redemption rights of almost all of the non-exempt land of the appellants. The notice of the sale of these redemption rights was filed with the court on May 22, 1987. On June 1, 1987, almost all of the appellants' real property was sold at a sheriff's sale pursuant to a foreclosure decree. The property included the 160 acres that appellants had sought to exempt in the bankruptcy and almost all of the appellants' remaining non-exempt land. The appellants objected to the proposed sale of their redemption rights. The bankruptcy court overruled their objections and directed the sale to proceed. The trustee subsequently sold the redemption rights for $25,-000.00.

The appellants first argue, based on K.S.A. 60–2414, that the redemption rights of a farmer in a farm foreclosure proceeding are excepted from the general right of a judgment creditor to execute and levy on a judgment. The appellants next assert that the right to levy and execute under K.S.A. 60–2414 is not an exemption required to be listed on the bankruptcy schedules pursuant to 11 U.S.C. § 522(b)(2). Finally, the appellants contend that the bankruptcy court's order was precluded by 11 U.S.C. § 1112(c), which prohibits the involuntary conversion of a Chapter 11 proceeding to a Chapter 7 liquidation of farm debtors.

The initial focus here must be upon the language of K.S.A. 60–2414(k). This statute provides that the "right of redemption shall not be subject to levy or sale on execution." Appellants assert that this statute creates an *exception* to the general rule that all property of a judgment debtor is subject to attachment, execution and levy to satisfy the judgment. The court has no quarrel with this contention. *See Ropfogel v. Enegren,* 7 Kan.App.2d 644, 646 P.2d 1138, 1140 (1982). In fact, there is even support for the contention that K.S.A. 60–2414(k) creates an *exemption* for an individual's right of redemption. *Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 256 P. 997 (1927) (right of redemption of real estate provided for in K.S. 60–3455 is exempt from levy and sale under judicial process, and does not pass to a trustee in bankruptcy, nor become a part of the assets in bankruptcy.); *In re Trinkle v. Chase,* 122 Kan. 781, 253 P. 210 (1927) (after sale of real property on execution, a trustee in bankruptcy cannot look to the debtor's right of redemption for assets to pay claims of creditors.). Nevertheless, in

*Garber v. Bankers' Mortgage Co.*, 27 F.2d 609 (8th Cir.1928), Judge McDermott of the United States District Court for the District of Kansas held that redemption rights were non-exempt property of an individual in bankruptcy and that such property constituted property of the bankruptcy estate. In *Garber,* Judge McDermott acknowledged the aforementioned Kansas Supreme Court cases, but determined that K.S. 60–3455, the predecessor of K.S.A. 60–2414(k), was not an exemption statute within the context of bankruptcy. *Id.* at 612.

■ Given this background, we proceed to the issues before the court. The appellants, arguing that K.S.A. 60–2414(k) creates an exception, not an exemption, for redemption rights, contend that the bankruptcy court erred in allowing the trustee to sell their redemption rights in non-exempt property because it violated the special *exception* existing under Kansas law. We disagree. First, we note that the provisions of K.S.A. 60–2414(k) do not constitute an exemption within the meaning of 11 U.S.C. § 522(b)(2). *Garber,* 27 F.2d at 611–12; *In re Moden,* No. 84–11237 (Bankr.D. Kan., unpublished, 1/31/86). Since K.S.A. 60–2414(k) is not an exemption statute, then the appellants could not exempt the redemption rights from the property of the estate under 11 U.S.C. § 522. Second, the fact that the language of K.S.A. 60–2414(k) has been deemed an *exception* to the general rule that all property of a judgment debtor is subject to attachment, execution and levy to satisfy the judgment is not important in the context of bankruptcy. The redemption rights which existed in the appellants at the time of filing became property of their Chapter 11 estate pursuant to 11 U.S.C. § 541. This property passed to the trustee upon his appointment since the appellants could not exempt these property rights. While these redemption rights are not subject to attachment by either the judgment creditor or any other creditor, they are property of the estate and cannot be claimed as exempt by the appellants. Thus, the bankruptcy court had the authority to allow the trustee to sell the redemption rights.

With this resolution of the appellants' first argument, we need not consider the second argument raised by the appellants. Since K.S.A. 60–2414(k) is not an exemption statute, then appellants could not exempt the redemption rights. Accordingly, the fact that the appellants failed to note the redemption rights as an exemption on their bankruptcy schedules is of no significance in this case.

■ Finally, we turn to the last argument raised by the appellants. Appellants contend that the sale of their redemption rights amounts to a forced liquidation in violation of 11 U.S.C. § 1112(c). Once again, we disagree. Section 1112(c) provides that the bankruptcy court "may not convert a case under [Chapter 11] to a case under Chapter 7 ... if the debtor is a farmer." The bankruptcy court did not convert the appellants' case to a Chapter 7. Rather, the bankruptcy court sought to provide for payment of the administrative expenses that had been incurred during the Chapter 11 proceedings. The law is well-settled that the bankruptcy court has the authority after dismissal of a Chapter 11 proceeding to retain jurisdiction for the purpose of paying administrative expenses. *Saper v. John Vivane and Son, Inc.,* 258 F.2d 826, 828 (2d Cir.1958); *Smith v. Central Trust Co.,* 139 F.2d 733, 740 (4th Cir. 1944); *In re Georgetown Apartments,* 468 F.Supp. 844, 854 (M.D.Fla.1979). It is not unfair to require the payment of administrative expenses for Chapter 11 debtors who have sought the protection of the bankruptcy court but who have failed to consummate a plan. In sum, we find no merit to appellants' contention that the sale of their redemption constitutes a forced liquidation in violation of 11 U.S.C. § 1112(c).

IT IS THEREFORE ORDERED that the June 12, 1987 order of the bankruptcy court be hereby affirmed.

IT IS SO ORDERED.