**In re Sandra Ann GARRITY, Debtor.**

**Bankruptcy No. 91–22144–7.**

United States Bankruptcy Court,
D. Kansas.

Aug. 27, 1992.

Steven R. Rebein, Kansas City, Kan., for debtor.

Carl R. Clark, Overland Park, Kan., trustee.

John Foulston, Wichita, Kan., U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the February 20, 1992 hearing

on the trustee's objection to debtor's claimed exemption.

## FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on October 16, 1991, debtor filed a petition under Chapter 7 of Title 11, United States Code.

2. That on Schedule C attached to her petition, the debtor claimed a potential medical malpractice case as exempt property.

3. That on December 27, 1991, the trustee filed his objection to debtor's claimed exemption, asking this Court to deny the debtor's claimed exemption of the potential medical malpractice suit.

4. That the debtor filed a response to the objection to exemption on January 21, 1992, and upon the trustee's filing of a memorandum in support on February 3, 1992, the Court took the matter under advisement.

## CONCLUSIONS OF LAW

The debtor notes that Kansas has opted out of the federal bankruptcy exemptions [1] and argues that her personal injury claim is exempt under state law. In support of this argument, the debtor cites K.S.A. § 60–724(2) which provides as follows:

Exceptions. No judgment shall be rendered in garnishment by reason of the garnishee: ... (2) holding moneys on a claim not arising out of contract and not liquidated as to amount ...

K.S.A. § 60–724 (1983). The debtor then cites *Ronnau v. Caravan Internat'l Corp.*, 205 Kan. 154, 468 P.2d 118 (1970), which stands for the proposition that tort claims are liquidated only by judgment or settlement and unliquidated tort claims are not subject to garnishment pursuant to § 60–724(2). *Id.* 468 P.2d at 124.

The trustee argues that even though an unliquidated medical malpractice claim cannot be garnished or attached in Kansas, that does not lead to the conclusion that

Kansas state law provides an exemption for the claim. This Court must therefore determine whether K.S.A. § 60–724(2) constitutes an exemption within the meaning of 11 U.S.C. § 522(b)(2).

In support of his argument, the trustee cites *In re Sinker*, 113 B.R. 34 (D.Kan. 1990). In *In re Sinker*, the debtor argued that his redemption rights in nonexempt real property were exempt from administration by the trustee since those rights are not subject to attachment, execution or levy pursuant to K.S.A. § 60–2414(k). *Id.* at 35. The Court held that the statute did not constitute an exemption within the meaning of 11 U.S.C. § 522(b)(2). *Id.* at 36.

There is no Kansas case law addressing the issue of whether K.S.A. § 60–724(2) constitutes an exemption. However, this Court agrees with the reasoning set forth in *In re Sinker*, and finds that the same analysis should apply to the statute in the present case. The court in *In re Sinker*, cites *Garber v. Bankers' Mortgage Co.*, 27 F.2d 609 (D.Kan.1928), which held that the statute providing that the right of redemption shall not be subject to levy or sale on execution was not an exemption statute within the context of bankruptcy. *Id.*

In *Garber*, the court noted that the statute dealing with redemption rights is found in that part of the statutes devoted to redemptions, and not exemptions. *Garber*, 27 F.2d at 611. Likewise, the statute at issue in the present case is included in the section of the Kansas statutes dealing with attachment and garnishment. It is not included in the sections dealing with exemptions. *See* K.S.A. §§ 60–2301 *et seq.* The court in *Garber* also noted that the fact that property may not be levied upon does not necessarily mean it is exempt property. *Id.* at 612. The court stated that "[o]utside of the bankruptcy court, the statute in question is necessary to protect the right to redeem; but, when bankruptcy comes, with its discharge of debts, that statute, construed as defendants claim, becomes a weapon for fraud." *Id.*

**1.** *See* K.S.A. § 60–2312 (Supp.1991).

This Court agrees with the reasoning set forth in the cases cited above, and finds that while debtor's unliquidated medical malpractice claim is not subject to garnishment pursuant to K.S.A. § 60–724(2), the claim is property of the estate and cannot be claimed as exempt.

IT IS THEREFORE, BY THE COURT, ORDERED That the trustee's objection to debtor's claimed exemption of the potential medical malpractice case is SUSTAINED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.