**In re Scott Wayne ADCOCK and Cherish Marie Adcock, Debtors.**

**Bankruptcy No. 98–12604–7.**

United States Bankruptcy Court, D. Kansas.

June 8, 1999.

David G. Arst, Wichita, KS, for Debtors.

Mary E. May, Wichita, KS, Trustee.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Objection to Exemption and Motion to Compel Turnover. Upon the filing of stipulations and briefs by the parties, the Court took the matter under advisement.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

### FINDINGS OF FACT

The parties stipulated to the following facts. Scott Wayne Adcock and Cherish Marie Adcock (Debtors) filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 1998. As of the date the Debtors' bankruptcy was commenced, the Debtors had $1,261.22 on deposit in their general checking account.[1] The entire $1,261.22 were wages deposited electronically.

On August 10, 1998, the Debtors filed an amendment to Schedule C to include wages as exempt property pursuant to K.S.A. 60–2310. On August 17, 1998, the Trustee filed an objection to the claimed wage exemption.

### CONCLUSIONS OF LAW

■ The issue before the Court is whether the wages on deposit in the Debtors' general checking account qualify as exempt property pursuant to K.S.A. 60–2310. The Debtors also claim that even if no exemption applies, that any recovery by the creditors will be *de minimus,* and as a result, recovery should not be permitted.

The Trustee has the burden of proving that the exemptions are not properly claimed.[2]

■ The filing of a bankruptcy petition creates an estate that includes "all legal and equitable interests of the debtor in property as of the commencement of the case."[3] The funds on deposit in the Debtors' bank account as of the date of the filing are property of the Debtors' bankruptcy estate.

■ Section 522(b) of the Bankruptcy Code gives debtors the option of electing the federal exemptions pursuant to subsection (b)(1), or the exemptions as set forth in subsection (b)(2). Kansas has opted out of the federal exemption scheme, thereby preventing its residents from claiming the federal exemptions and forcing them to elect the exemptions set forth in § 522(b). The exemptions under § 522(b) include:

> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place.[4]

In addition, Kansas law allows a debtor to exempt property listed in § 522(d)(10).[5]

The Debtors have relied on K.S.A. 60–2310 in claiming their exemption. K.S.A. 60–2310 provides in pertinent part as follows:

> (b) *Restriction on wage garnishment.* Subject to the provisions of subsection (e), only the aggregate disposable earnings of an individual may be subjected to wage garnishment. The maximum part

---

1. Debtors have noted that the $1,261.22 in wages were the only funds on deposit in their bank account. The Trustee has not disputed this fact. Thus, there are no issues regarding co-mingling in this case.

2. Fed.R.Bankr.P. 4003(c).

3. 11 U.S.C. § 541(a)(1).

4. 11 U.S.C. § 522(b)(2)(A).

5. *See* K.S.A. 60–2312.

of such earnings of any wage earning individual which may be subjected to wage garnishment for any workweek or multiple thereof may not exceed the lessor of: (1) Twenty-five percent of the individual's aggregate disposable earnings for that workweek or multiple thereof; (2) the amount by which the individual's aggregate disposable earnings for that workweek or multiple thereof exceed an amount equal to 30 times the federal minimum hourly wage, or equivalent multiple thereof for such longer period; or (3) the amount of the plaintiff's claim as found in the order for garnishment.

K.S.A. 60–2310(a)(1) defines earnings as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise." K.S.A. 60–2310(a)(3) defines wage garnishment as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."

▆ The Court finds that K.S.A. 60–2310 provides an exemption for 75% of a debtor's wages.[6] The Trustee argues that the statute applies to garnishments only and does not provide an exemption for debtors in bankruptcy. Although the statute deals with garnishments, it is located in the exemption statutes and the Court finds that it does provide an exemption.[7] Chapter 60 of the Kansas Statutes Annotated is titled "Civil Procedure," and Article 23 (60–2301 to 60–2314) of that Chapter is titled "Exemptions."

The Trustee argues that K.S.A. 60–2310 does not protect the wages once they have left the control of the employer. This Court, in *In re Moore*,[8] held that social security benefits that have already been paid out are exempt where the pertinent statute states that none of the "moneys paid" shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. In ruling, the Court made the following statements which are pertinent in the present case:

> The emphasized language of the statute shows that the exemption applies to social security benefits that have already been paid out. Furthermore, the Court finds that the funds do not lose their exempt status when deposited into a bank account. In *Porter v. Aetna Casualty & Sur. Co.*, the Supreme Court decided whether benefits paid by the United States Veterans' Administration retain their exempt status under 38 U.S.C. § 3101(a) after being deposited into a federal savings and loan association account. *Porter v. Aetna Casualty & Sur. Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962). The Supreme Court held that because legislation of this type should be liberally construed to protect funds granted by Congress for the maintenance and support of the beneficiaries thereof, such deposits should remain inviolate. *Id.* at 162, 82 S.Ct. 1231. The Supreme Court stated that:
>
> > The Congress, we believe, intended that veterans in the safekeeping of

---

**6.** *See In re Price*, 195 B.R. 775 (Bankr.D.Kan. 1996) (holding that debtor was entitled to claim 75% of her interest in real estate commissions as exempt pursuant to K.S.A. 60–2310, where debtor was employee rather than independent contractor for purposes of the statute).

**7.** *See Southwest State Bank v. Quinn*, 198 Kan. 359, 363, 424 P.2d 620 (1967) (stating that exemptions to Kansas residents are prescribed in our constitution in which a homestead is assured to a family and generally in our statutes at K.S.A. 60–2301, et seq., and items exempt include wages); *cf. In re Sinker*,

113 B.R. 34 (D.Kan.1990) (holding that K.S.A. 60–2414(k) was not an exemption statute); *In re Garrity*, 144 B.R. 895 (Bankr. D.Kan.1992) (holding that K.S.A. 60–742(2) was not an exemption statute); *In re Rodriguez*, 140 B.R. 562, 564 (Bankr.D.Kan.1992) (holding that because under K.S.A. 60–717(c) the amount of funds garnished may not invade that portion of the wages which are exempt, wages that are properly garnished can never be exempt).

**8.** 214 B.R. 628, 630 (Bankr.D.Kan.1997).

their benefits should be able to utilize those normal modes adopted by the community for that purpose—provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments.

*Id.* In *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 416, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), the Supreme Court held that in light of the protection afforded by 42 U.S.C. § 407, the reasoning in *Porter* is relevant to social security benefits deposited into a bank account. The Supreme Court held that the funds on deposit were readily withdrawable and retained the quality of "moneys" within the purview of § 407. The Kansas Supreme Court has also relied on the reasoning in *Porter* and *Philpott.* *See E.W. v. Hall,* 260 Kan. 99, 105, 917 P.2d 854, 858 (1996) (citing *Porter* and holding that social security benefits which were placed into a certificate of deposit retained their exempt status because certificates of deposit are "normal modes adopted by the community" for the safekeeping of funds); *Younger v. Mitchell,* 245 Kan. 204, 777 P.2d 789 (1989) (citing *Porter* and holding that Veterans' Administration disability benefits retained exempt status after being deposited into a savings account, where funds were readily available as needed for support and maintenance of judgment debtor and his wife). *See also In re Norris,* 203 B.R. 463, 467 (Bankr.D.Nev.1996) (citing cases from other jurisdictions which recognize that statutorily exempt funds do not lose their exempt status when deposited into a personal checking account).

 Based on the rationale set forth in *Moore,* the Court finds that 75% of the Debtors' wages are exempt and do not lose their exempt status by virtue of being deposited in Debtors' bank account. The exemption laws are to be liberally construed "so as to effect the humane purpose of the legislature in enacting them."[9] The court in *In re Norris,*[10] noted that in order to permit a wage earner to enjoy the benefits of the exemption statute, "it is necessary to accord the wage earner a reasonable opportunity to negotiate the 'disposable earnings' and spend the funds, otherwise the exemption would be rendered meaningless."

**IT IS THEREFORE ORDERED BY THE COURT** that the Trustee's Objection to Exemption and Motion to Compel Turnover shall be DENIED with respect to 75% of the Debtors' wages on deposit in Debtors' bank account. The remaining 25% shall be subject to turnover.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

**9.** *In re Meckfessel,* 67 B.R. 277, 278 (Bankr. D.Kan.1986) (citations omitted).

**10.** 203 B.R. 463, 466 (Bankr.D.Nev.1996).