## A. S. HOLMBERG v. H. A. JOHNSON.

INJUNCTION *to Restrain Waste on Land.* Where J., by written contract, purchases a tract of land of H. and pays a portion of the purchase-money down, and by the terms of the contract H. is to remain in possession and have the use of the land during a period of five years, for the taxes, care and improvements put thereon by him in the meantime, J. is entitled to an injunction to restrain H. from committing waste on said land by quarrying and removing therefrom rock, or removing therefrom trees, except nursery stock.

*Error from Wilson District Court.*

INJUNCTION. Judgment for plaintiff *Johnson,* at the September term, 1887. The defendant *Holmberg* brings the case here. The opinion states the facts.

*Cates & Hudson,* and *G. P. Uhl,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

Opinion by STRANG, C.: This was an injunction proceeding, begun in the district court of Wilson county by the de-

fendant, to enjoin the plaintiff from committing waste upon the land described in the petition. The defendant answered:

"1. A general denial.

"2. Alleges ownership of the land in fee, and peaceable possession thereof.

"3. Denies the execution of the contract under which the plaintiff claims to be the equitable owner of the land.

"4. Alleges the plaintiff's claim is a cloud upon his title, and asks to have title to the land quieted in him."

The plaintiff below replied by a general denial. The court directed a jury to be impaneled and submitted to them the following question:

"Did the defendant execute the written contract of which a copy is attached to the plaintiff's petition, marked 'A'? A. Yes."

The court also permitted the parties to submit the following questions to the jury.

BY THE PLAINTIFF:

"Q. Did the defendant sign his name to the contract, the base of this action? A. Yes.

"Q. Did the defendant sign his name to the promissory note for $1,000 offered in evidence? A. Yes."

BY THE DEFENDANT:

"Q. Did Mrs. Johnson pay Holmberg anything for the contract sued upon? A. Yes.

"Q. If she paid him anything on the contract, what did she pay him in? A. In notes.

"Q. How much did she pay him for the contract in controversy, if she paid him anything? A. $2,850.

"Q. Was Holmberg indebted to Mrs. Johnson at the time this (contract) purports to have been executed, viz., December 3, 1884? A. Yes.

"Q. If the answer to the above question is in the affirmative, how much was he indebted to her at that time? A. $2,850.

"Q. Did Holmberg receive any consideration for the contract sued on? A. Yes."

The defendant moved to set aside the findings of the jury, and for a new trial. Motion overruled, and judgment per-

petually enjoining the defendant from committing the waste complained of, and for costs entered.

The plaintiff in this court says the petition does not state a cause of action because it does not aver the insolvency of the defendant. This court says, in *Snyder v. Hopkins*, 31 Kas. 557: "Doubtless injunction will lie at the instance of the owner, to restrain the cutting of timber, quarrying of rock, mineral, or any other act which is in the nature of waste," and cites *Iron Co. v. Reymert*, 45 N. Y. 703, and *Wilson v. Mineral Point*, 39 Wis. 160.

We think the authorities approve of the allowance of injunctions to restrain waste, as distinguished from mere trespass. (High, Inj., §§ 419-457.)

So far as the second complaint is concerned, we think the plaintiff misapprehended the language of the amended petition. It does not read as the plaintiff seems to think in his brief it does.

The plaintiff does not, in this proceeding, ask for specific performance. This statement disposes of the third complaint.

In the fourth complaint, plaintiff avers that the court erred in permitting the defendant in error to offer evidence of the genuineness of the signature of Holmberg to other papers than the contract sued on. It is the established law of this state, and of many other states of this country, to permit proof of the genuineness of a disputed signature by comparison with other signatures, on other instruments in writing, admitted or proved to be genuine. (*Macomber v. Scott*, 10 Kas. 335; *Joseph v. National Bank*, 17 id. 256; *Ort v. Fowler*, 31 id. 478; *Woodman v. Dana*, 52 Me. 9; *The State v. Hastings*, 53 N. Y. 452; *The State v. Ward*, 39 Vt. 225; *Tyler v. Todd*, 36 Conn. 218; *Koons v. The State*, 36 Ohio St. 195; 33 Iowa, 540.)

Plaintiff also says the court erred in excluding the expert testimony of Dr. Willits, as to the sickness of Holmberg, and its effect upon his mind. As the sickness of Holmberg occurred a considerable time after the execution of the contract in question, it could hardly throw any light upon its

execution. And besides, there was nothing in the pleadings justifying an attempt to avoid the contract upon any such ground.

The sixth and seventh grounds of complaint relate to the action of the court in refusing to open the case and hear further evidence three days after it was tried. The opening of a case by the court for the purpose of hearing further testimony is a matter lodged in the discretion of the trial court, and this court cannot reverse the action of the court in refusing to open a case for such purpose, unless satisfied that the trial court has abused its discretion.

We cannot say a trial court abused its discretion in refusing to open a case three days after the trial thereof had closed.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.