No. 18,332.

CHARLES E. GIBSON, *Appellant*, v. CHARLES L. REA
et al., *Appellees*.

HEADNOTE BY THE REPORTER.

MORTGAGE—*Foreclosure—Possession Proof of Ownership*. The
possession and production of a duly acknowledged mortgage
and of the note which the mortgage purports to secure, and
proof of title in the mortgagor, is *prima facie* sufficient evi-
dence to sustain a judgment for foreclosure of the mortgage.

Appeal from Stanton district court; WILLIAM H.
THOMPSON, judge. Opinion filed May 9, 1914. Re-
versed.

*Thomas A. Scates*, and *Albert Watkins*, both of
Dodge City, for the appellant.

*George Getty*, of Syracuse, for the appellees.

*Per Curiam:* The certificate of acknowledgment in-
dorsed on the mortgage was sufficient to prove *prima
facie* the execution of the mortgage. The recitals of
the mortgage were sufficient to prove *prima facie* the
execution of the note which the mortgage described
and secured. Production of the note and mortgage at
the trial by the plaintiff proved *prima facie* title in
him. When the plaintiff proved record title in the

Gibson v. Rea.

mortgagor and introduced the note and the mortgage with its indorsement in evidence he proved all the allegations of his petition which were essential to sustain a judgment for foreclosure. These principles are elementary.

The plaintiff could strike out or ignore as superfluous the allegations of the petition showing how he acquired title to the papers sued on, rely on the ultimate fact of ownership, and prove that fact in the manner described. The allegation of the petition that the mortgagor had left the state prior to a certain date could be material only for the purpose of forestalling a demurrer to the petition, based on the statute of limitations, and the defendant, who was a tax-title holder, could not invoke that statute. The plaintiff was not obliged to prove the allegation that the mortgagor had sold his land to another, against the defendant, who claimed title as against the mortgagor.

The tax deed evidencing the defendant's title to the land was not five years old when the action was instituted, and was open to attack for irregularities in the proceedings on which it was based. The allegation of the reply was that an unauthorized sum was included in the redemption notice, and according to the computation presented in the defendant's brief the redemption notice did wrongfully include the very item specified in the reply.

There is no presumption of payment in this case. The plaintiff did not lose his remedy through laches, and the defendant is not in a position to invoke that equitable doctrine.

The judgment of the district court is reversed and the cause is remanded with direction to foreclose the plaintiff's mortgage.