No. 20,296.

J. L. HOWARD, *Appellee*, v. A. C. TOURBIER et al. (I. O. PICKERING, *Appellant*).

### SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Testimony Not in Transcript—Can Not be Considered on Appeal.* Testimony which it is not claimed appears in the transcript of the evidence can not be considered in this court for any purpose. (*Root v. Street Railway Co.*, 96 Kan. 694, 153 Pac. 550.)

2. SAME—*Harmless Error—Failure to Make Formal Proof of Title.* While it is necessary in order to sustain a judgment of foreclosure that there be proof of title in the mortgagors and of title in the defendant, it is held in this case that, since the appellant makes no claim that the mortgagors were not in fact the holders of the legal title, is

not denying the source of his own title, and makes no claim that he has the least defense to the action, he is not entitled to a reversal, although the transcript of the evidence fails to show formal proof that when the mortgage was executed the mortgagors owned the property.

3. MORTGAGE — *Foreclosure — Deficiency — Receiver—Code Provision Not Repealed.* Section 498 of the civil code, which is part of an act revising the procedure in the sale of real estate on execution or other judicial process (Laws 1893, ch. 109), does not repeal the general provisions of section 266 of the code, which authorizes the appointment of receivers in actions for foreclosure where it appears that the property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

4. SAME—*Foreclosure—Receiver—Discharge after Sale—Waste.* A receiver appointed under section 266 of the code before sale in a foreclosure case should be discharged when the sale is confirmed, and it is error to continue the receivership after the sale without a showing under section 498 of the code that a receiver is necessary to prevent waste.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed July 8, 1916. Modified.

*I. O. Pickering,* of Olathe, *pro se.*

*David F. Carson,* and *James T. Cochran,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was brought to foreclose a mortgage on real estate. I. O. Pickering was made a defendant, the petition alleging that he claimed some title or interest in the property inferior to plaintiff's lien. His answer alleged that he was the owner in fee simple and in possession of the real estate, and denied the other allegations of the petition. The plaintiff recovered judgment, from which Pickering appeals.

The first contention is that the evidence fails to sustain the judgment. The appellee is challenged to point out the slightest evidence of title in the mortgagors, or what was the source of appellant's title. An attempt is made to meet the challenge by a counter-abstract, in which appears a copy of an affidavit of appellee which alleges that an abstract of title was offered in

evidence and that Mr. Pickering stated that he raised no question about the title. The counter-abstract also recites what purports to be the substance of the abstract of title, showing the various conveyances of the property before and after the mortgage was executed. It also sets forth a purported copy of the warranty deed under which it is claimed the appellant acquired title. It is not claimed that any of these matters appear in the transcript of the evidence, and for that reason they can not be considered for any purpose. The challenge made by the appellant must be sustained. (*Root v. Street Railway Co.,* 96 Kan. 694, 153 Pac. 550.)

In *Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799, and in *Gibson v. Rea,* 92 Kan. 262, 140 Pac. 893, it was held that in order to sustain a judgment for the foreclosure of a mortgage there must be proof of title in the mortgagors.

The court is of the opinion, however, that inasmuch as appellant makes no claim that the mortgagors were not in fact the holders of the legal title, is not denying that he derived title through them, and makes no claim that he has the least defense to the action, he has failed to show error which authorizes a reversal. (*Bank v. Brecheisen,* ante, p. 193, 157 Pac. 259.) To reverse the judgment and order a new trial merely to enable the appellant to introduce records from the office of the register of deeds, the existence and effect of which are not denied, would serve no purpose except to delay the proceedings.

On the same day the judgment of foreclosure was rendered the court, over appellant's objections, appointed a receiver to take charge of the property and collect the rents. There was conflicting evidence as to the value of the property, but there was some evidence to support a finding that the fair market value did not exceed the amount of the interest, taxes, judgment and costs.

It is contended that the court erred in appointing a receiver in advance of the sale; that the only authority to appoint a receiver in foreclosure cases is after the sale, under section 498 of the civil code, which reads:

"The holder of the certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction; or, when required to protect said premises against waste, appoint and place in charge

Howard v. Tourbier.

thereof a receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same; but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of its legal title."

Section 266 of the code authorizes the appointment of a receiver in an action of foreclosure where it appears that the property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt. There is room for the operation of both statutes. Section 498 is a part of an act revising the procedure in the sale of real estate on execution or other judicial process (Laws 1893, ch. 109), and does not repeal the general provisions authorizing the appointment of receivers under section 266 of the code. (*Schultz v. Stiner,* 97 Kan. 555, 155 Pac. 1073.)

After the sale of the property and its purchase by the appellee, the appellant filed a motion to discharge the receiver, and he now complains that the court erred in denying the motion. A receiver appointed before sale should be discharged when the sale is confirmed, unless there is, under section 498 of the code, a showing of a necessity for a receiver in order to prevent waste. The error of the court in denying the motion to discharge the receiver after the sale will not justify a reversal, but the judgment will be modified by directing that the costs and expenses of the receivership from the time of the sale be charged to the plaintiff, and that defendant Pickering be given the income of the property from the time of the sale to the expiration of the period of redemption. The costs of the appeal will be divided.

The judgment is modified.