No. 24,257.

Nellie Gibbons Smith, *Appellee*, v. S. H. Shaver, *Appellant* (H. C. Caster, Receiver, *Appellee*).

### SYLLABUS BY THE COURT.

1. Farm Mortgage—*Foreclosure—Receiver—Right of Possession During Redemption Period.* When a receiver is appointed and takes possession of a mortgaged farm and other assets of a judgment debtor, at the instance of a creditor other than the mortgagee, and the mortgagee later institutes an action to foreclose his mortgage, and pursuant thereto the farm is sold to satisfy it and the sale confirmed subject to the debtor's right of redemption within eighteen months, the receiver cannot lawfully retain the possession of the farm during the redemption period where no question of waste is involved, nor can the receiver sell or lease the right of possession, and neither is the receiver entitled to the rents and profits of the farm during the redemption period.

2. Same. Various arguments against this appeal and in support of the judgment considered but not sustained.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed February 10, 1923. Reversed.

*Ross McCormick,* of Wichita, for the appellant.

*Z. Wetmore, Fred Hinkle,* and *George M. Ashford,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: The question in this case is whether an insolvent judgment debtor may be deprived of the right of possession of his farm and of the rents and profits thereof during the period of redemption after the farm has been sold under a mortgage foreclosure.

The plaintiff was a judgment creditor of defendant. On her application a receiver was appointed to take charge of defendant's property, which included an 80-acre farm. The receiver took charge of the farm, and while he was in possession, a bank which held a deed to the farm in the nature of a mortgage, as security for a loan, foreclosed its lien, and the farm was sold by the sheriff on October 17, 1921, to satisfy the bank's claim, and the sale was confirmed subject to defendant's right to redeem within 18 months, a period which will expire on April 17, 1923.

After this sale, although there was no question of waste involved, the receiver was continued in possession of the farm, and the court made an order that the receiver sell the defendant's right of re-

demption and that the defendant keep away from the property. Defendant moved to vacate this order on the ground that the equity of redemption was not subject to sale. (Gen. Stat. 1915, § 7396.) The court set aside the order of sale, but continued in force, and formally repeated, its order restraining defendant from interfering with the receiver's possession, and decreed that the receiver should have the possession and rents and profits for the redemption period—

"And said receiver is hereby ordered and directed to rent said premises for the period of said redemption, or to sell the right of possession of said premises for the period of said redemption for the highest and best price obtainable."

Defendant appeals, relying on the statute:

"The defendant owner may redeem any real property sold under execution, . . . at any time within eighteen months from the day of sale as herein provided, and shall in the meantime be entitled to the possession of the property; . . . " (Gen. Stat. 1915, § 7380.)

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for." (Id. § 7401; see, also, Gen. Stat. 1915, §§ 7396, 7397, 7402, 7403; *Case v. Lanyon,* 62 Kan. 69, 61 Pac. 406; *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884.)

The claims of the plaintiff, and of other judgment creditors in whose behalf the receiver was appointed, were necessarily inferior to the bank's first-mortgage lien, and certainly they have no greater right to dispossess or abridge the judgment debtor's interest in the property during the redemption period than the principal judgment creditor; and general rules governing receiverships and similar procedure in equity cannot be invoked to invade a province covered by positive statutes. (*Bank v. Grain Co.,* 63 Kan. 343, 347, 65 Pac. 676; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628; *Moore v. McPherson,* supra, syl. ¶ 3.)

That the right to the rents and profits of property foreclosed and sold is in the execution debtor during the redemption period has always been recognized. (*Nolte v. Morgan,* 86 Kan. 823, syl. ¶ 1, 122 Pac. 886; *Schultz v. Stiner,* 97 Kan. 555, 558, syl. ¶ 4, 155 Pac. 1073; *Bank v. Dikeman,* 98 Kan. 222, syl. ¶ 2, 157 Pac. 1177.)

Such right of redemption cannot be subjected to forced sale, nor can the debtor be dispossessed or deprived of the fruits of possession

during that interval, and the necessary corollary thereto is that the debtor's interest cannot otherwise be abridged or impaired without his free assent.

In *Howard v. Tourbier,* 98 Kan. 624, 625, syl. ¶ 4, 160 Pac. 1144, it was held that where a receiver of real property was appointed before foreclosure, he. should be discharged when the foreclosure sale is confirmed, and that the execution debtor, or the party holding under him, was entitled to the income during the redemption period, and that the expenses of the receivership during its wrongful extension should be charged to the plaintiff.

On behalf of the appellee it is first urged that the order is not appealable. We hold otherwise. It was a final order, and it certainly did affect a substantial right of the appellant. (Civ. Code, §§ 565, 566.)

It is also urged that the question has become moot because "the period of the lease executed by the receiver ends in March, 1923." This fact is not shown by the record, but assuming its truth the appeal is far from being a mere academic question. The defendant has been and still is being deprived of a very substantial right, and one which always has been the object of very great solicitude by the legislature; and the nature of the order and of its logical consequence shows the imperative necessity for appeal and its correction at this time. Moreover, under the record here, the redemption period will not expire until April 17, 1923, so the question is not moot.

Still another objection is that the notice of appeal was not served on other parties. But the original plaintiff in the court below in the action in which the receiver was appointed and in which the illegal order complained of was issued is here by proper service. So, too, is the receiver. The "other parties" we must assume to be those who were made parties and interveners at their own request or upon their own initiative, and their absence here is of no substantial importance.

It is also argued that the execution debtor acquiesced in the order because he obeyed it to the extent of staying away from the farm and because he asked and obtained leave from the court to go upon the farm as a hired servant for the receiver's tenant. We hold that these facts did not constitute acquiescence in the order here appealed.

As to other points urged by appellee, it is sufficient to say that after sale in foreclosure the right of possession (except for waste)

and of the fruits of possession (waste or no waste) are exempt by law for the redemption period, and the New York case, *Farnham v. Campbell*, 10 Paige, 598, 600, relied on, cannot avail against our own statutes, our own decisions, and the age-long policy of this state to give the execution debtor liberal time, liberal opportunity and liberal means to redeem. If these privileges may be abridged or taken from him by any order or process *in invitum*, then the redemption period becomes a useless superfluity and the right of redemption a vain thing.

It follows that the judgment of the district court must be reversed and the cause remanded with instructions that all orders and parts of orders abridging the rights of the defendant to the possession, rents, and profits of the farm during the redemption period and for renting of the farm by the receiver during that interval be set aside, and that the defendant be restored to the possession of the farm, and that the rents and profits arising from the farm since the confirmation of the sale in foreclosure, on October 27, 1921, be delivered to him without deduction for receiver's costs and charges accruing after that date, and for further proceedings consistent therewith.

It is so ordered.