No. 27,337.

HENRY EDWIN SLABAUGH, *Appellee*, v. THE STATE BANK OF LEON, *Appellant*.

SYLLABUS BY THE COURT.

1. MORTGAGES—*Redemption Period—Right of Mortgagor to Rents and Profits.* Where a mortgagee of land brings an action to foreclose his mortgage and procures the appointment of a receiver to take charge of the land pending the action and thereafter a judgment of foreclosure is entered and the land sold to the mortgagee for an amount which is applied upon the judgment and the sale is then confirmed, subject to the mortgagor's right of redemption within a period of eighteen months, and during the period of redemption refuses to surrender possession of the property to the mortgagor and appropriates the rents and profits thereof upon a deficiency in the judgment of foreclosure, the redemptioner is entitled to recover the rents and profits of the land during the redemption period.

2. SAME — *Redemption Period — Effect of Receiver's Delinquent Report on Mortgagor's Right to Rents and Profits.* The receiver appointed to take charge of the property pending the litigation should have reported and been discharged when the sale was confirmed, but was not. His report was made and approved by the court without notice after the expiration of the redemption period, and it is held that the approval of the receiver's report did not operate to estop the redemptioner from claiming the fruits of possession during the redemption period.

Appeal from Butler district court, division No. 2; GEORGE J. BENSON, judge. Opinion filed May 7, 1927. Affirmed.

*J. M. Pleasant*, of El Dorado, for the appellant.

*J. T. Rogers*, of Wichita, and *W. N. Calkins*, of El Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Who was entitled to the rents and profits of a tract of land upon which a mortgage had been foreclosed during the

Executions, 23 C. J. p. 345 n. 76. Mortgages, 27 Cyc. pp. 1634 n. 87 new, 1731 n. 12, 1789 n. 59, 1804 n. 63, 1815 n. 38.

Slabaugh v. State Bank.

period of redemption, was the question involved in this action, and from the decision in favor of the mortgagor, Henry Edwin Slabaugh, the State Bank of Leon appeals.

The State Bank of Leon held a mortgage on the land for about $24,000. There was a default in payments and a foreclosure action was brought by the bank on February 11, 1924, and a decree of foreclosure was entered on July 12, 1924. A sale of the land was made to the defendant bank for $20,000, which was applied on the judgment, which amounted to $24,716.36. The sale was confirmed and the court then fixed the period of redemption at eighteen months. Shortly after the action of foreclosure was brought, a receiver was appointed at the instance of the defendant and a rental contract was made with the tenant. The rents and profits of the land were paid to and appropriated by the bank not only up to the sale but during the entire period of redemption. The receiver assumed little responsibility and acted under the orders of William Marshall, the cashier of defendant. While he signed contracts, checks and some other papers, no accounts were kept by him, but these were kept by the bank. The money was paid in there and whatever was done by the receiver was under the direction of the cashier of the bank. No report of the receiver was made to the court until the period of redemption had expired, nor until June 12, 1926, which was after this action was brought. The plaintiff had demanded possession of the land after the sale was confirmed, which was refused by the bank. During this period the bank, to protect its interest, paid taxes upon the property which was in default and also paid interest on a first mortgage upon the land, and some repairs were made of the improvements. The court credited the defendant with the repairs on a pump and a barn and some other items of expense and held that the plaintiff was entitled to the rents during the period of redemption and awarded judgment for $607.57.

The defendant contends first that the plaintiff's petition was insufficient to warrant a recovery of the rents and profits of the property during the redemption period, but no merit is found in that contention.

It further contends that the plaintiff was concluded by the report of the receiver, which was approved by the trial court. It appears that the report of the receiver was not made at the confirmation of the sale as it should have been, and was made and approved without notice to the plaintiff after the expiration of the redemption

period and the rights of the plaintiff had accrued. The action on the report did not involve the matter of redemption and could not operate to waive or discharge the redemption rights which had accrued. The statute gives the owner of real property sold under execution or order of sale the right to redeem within certain periods fixed by the statute to be declared by the court, and during that time he is entitled to the possession of the property or the rents and profits derived from it. (R. S. 60-3439.) The right of the owner to redemption may be assigned and transferred by the owner of the property, but whether this right is held by the owner or assigned or sold to another, it is never subject to levy or sale on execution. (R. S. 60-3455.) Plaintiff had not assigned or otherwise transferred his redemption right and could not be deprived of the right or of the rents and profits of the property by the receiver or the bank. In *Smith v. Shaver*, 112 Kan. 790, 212 Pac. 666, it was said:

"That the right to the rents and profits of property foreclosed and sold is in the execution debtor during the redemption period has always been recognized. (Citing cases.) Such right of redemption cannot be subjected to forced sale, nor can the debtor be dispossessed or deprived of the fruits of possession during that interval, and the necessary corollary thereto is that the debtor's interest cannot otherwise be abridged or impaired without his free assent." (p. 791.)

After the foreclosure sale was confirmed, the receiver's functions ended, and in the situation of this case he should have been discharged instead of allowing himself to be used to exclude the plaintiff from the possession and use of the property for the eighteen months redemption period. It has been held that if the receiver is wrongfully continued in possession and control after the confirmation of sale where it is not necessary to prevent waste, the added expense of the receivership cannot be charged to the redemptioner but should be charged to the adverse party, and that the one holding the right of redemption should be given the income of the property until the expiration of the redemption period. (*Howard v. Tourbier*, 98 Kan. 624, 160 Pac. 1144.) The rents and profits of the land could not be appropriated by the bank although its judgment had not been fully satisfied by the purchase price. The lien of the mortgage was discharged by the sale and confirmation. The right of the plaintiff to the possession and its fruits cannot be taken from him without his assent. There was no such assent and we find no reason for disturbing the judgment rendered. It is affirmed.