No. 43,797

BROADHURST FOUNDATION, a Charitable Trust, by William Broadhurst, sole Trustee of Broadhurst Foundation, a Charitable Trust, *Appellee,* v. New Hope Baptist Society, a Corporation; New Hope Baptist Church, a Religious Corporation, et al., Defendants; and SEABOARD SURETY COMPANY, a Corporation, *Appellant.*

(397 P. 2d 360)

Opinion filed December 12, 1964.

*Dale H. Cooper,* of Wichita, argued the cause, and *Lloyd F. Cooper, W. Jay Esco,* and *Richard A. Loyd,* of Wichita, were with him on the briefs for the appellant.

*Robert H. Cobean,* of Wellington, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to foreclose a real estate mortgage. The pertinent facts follow.

On October 20, 1959, New Hope Baptist Church, a corporation (hereinafter referred to as New Hope), executed and delivered a promissory note to the appelle, Broadhurst Foundation, a charitable trust (hereinafter referred to as Broadhurst), in the amount of $70,000. The note was secured by a mortgage on its described real estate located in Sedgwick county.

On November 7, 1962, the appellant in the instant action, Seaboard Surety Company, a corporation (hereinafter referred to as Seaboard), brought an action against New Hope and others, in-

cluding Broadhurst, to foreclose its mechanic's lien on the property in question. A judgment in the amount of $30,706.46 was obtained by Seaboard against New Hope and declared to be a second lien upon the real estate owned by New Hope, subject only to the above mortgage lien of Broadhurst. Pursuant to this judgment the real estate was sold at a sheriff's sale to satisfy the judgment. Seaboard purchased the property by bidding the full amount of its judgment and received a certificate of purchase subject to New Hope's right of redemption.

On April 24, 1963, Broadhurst filed the instant action against New Hope to foreclose its mortgage on the real estate, naming Seaboard as a defendant. On May 10, 1963, New Hope filed its answer admitting the allegations of plaintiff's petition but preserving its right of redemption. Broadhurst filed a supplemental petition on June 28 alleging that New Hope agreed in the mortgage instrument to waive its equity of redemption. On the same day a supplemental answer was filed on behalf of New Hope admitting such waiver, and Broadhurst filed its motion for judgment on the pleadings.

The trial court sustained the mentioned motion and found that New Hope had duly executed and delivered the mentioned note to Broadhurst, and to secure the payment of the note New Hope had duly executed and delivered its mortgage on certain described real estate in Sedgwick county; that the terms and conditions of the mortgage had been broken and by reason thereof the note and mortgage was due and payable; that Broadhurst was entitled to have its mortgage foreclosed and adjudged and decreed to be a first and prior lien upon the real estate; that Seaboard had previously foreclosed a mechanic's lien which was subject only to Broadhurst's lien; and that Seaboard was the holder of a certificate of purchase at the sheriff's sale.

The trial court rendered judgment against New Hope and in favor of Broadhurst in the sum of $67,059.31 plus interest. The court foreclosed the mortgage and adjudged it to be a first and prior lien upon the real estate, and granted Broadhurst possession of, and the rents and profits from, said real estate after the sheriff's sale until redemption. A decree was entered granting New Hope or its transferee the right to redeem within eighteen months from the date of said sale. The court further decreed that Seaboard, the holder of the certificate of purchase at the sale in the mechanic's lien foreclosure action, after receiving a sheriff's deed, would be

entitled to the equity of redemption, but would not be entitled to the possession of the real estate.

Seaboard contends there was no waiver of the right of possession, or the right of redemption in the mortgage given by New Hope to Broadhurst; and, therefore, it should be entitled to the right of possession, and the right to rents and profits from the real property in question before the redemption period expired between New Hope and Broadhurst. Consideration of Seaboard's contentions will require an examination of the redemption statutes.

For many years the legislature has strictly regulated the right of redemption in this state in order to protect mortgagors and their transferees from harsh foreclosures. Such protection is afforded in G. S. 1949, 60-3438, which, in part, provides:

". . . That any contract in any mortgage or deed of trust waiving the right of redemption shall be null and void."

The importance of protecting the mortgagor's right of redemption in this state can be denoted from the fact this provision was enacted in 1893.

In 1929 the legislature saw fit to provide an exception in the case of corporate mortgagors. This exception is now included within G. S. 1949, 60-3439, which, in part, provides:

". . . That any corporation . . . may, as mortgagor, agree in the mortgage instrument to a shorter period of redemption than eighteen months, or may wholly waive the period of redemption as against said corporation mortgagor only and all such agreements when so made shall be fully binding on such mortgagor."

This section would unquestionably give New Hope, a corporation, the right to waive its equity of redemption if it so desired.

The only purported waiver provision in the mortgage reads:

"It is further expressly agreed, by and between the parties hereto that if any default be made in the payment of the principal sum of this mortgage, or any interest installment, or the taxes, insurance premiums, or in the case of the breach of any covenant herein contained, the whole of said principal sum, with interest, shall be due and payable, and this mortgage may be foreclosed and said second party shall be entitled to the immediate possession of the premises and all rents and profits thereof."

The trial court considered the supplemental answer filed on behalf of New Hope which admitted waiving the equity of redemption; however, the court held there had been no waiver of New Hope's redemption rights. The court expressly gave New Hope eighteen months within which to redeem from the date of the sale. Such

holding cannot be questioned by this court since the language quoted from the mortgage does not appear to be sufficient to indicate a waiver of New Hope's right of redemption.

The attorney for Broadhurst maintains that even though New Hope did not waive its equity of redemption, under G. S. 1949, 60-3439, New Hope, a corporation, could and did waive its right to possession and rents and profits, and said waiver was binding upon Seaboard. Therefore, the determinitive question before this court is whether or not under the provisions of 60-3439 a corporate mortgagor [New Hope], which does not waive its redemption rights, may effectively waive its right to possession and rents and profits.

The policy of this state, as previously noted, has always been to protect redemption rights. We do not believe the legislature intended to change this policy in 1929 when it enacted the exception as to corporations in section 60-3439. The continued policy of protecting mortgagor's rights is borne out by the other provisions retained in this section. Section 60-3439 also, in part, provides:

"The defendant owner may redeem . . . at any time within eighteen months . . . and shall in the meantime be entitled to possession . . ."

This provision clearly gives the right of possession of the mortgaged property to the owner during the redemption period. Since the right to possession of the property includes the right to the rents and profits, the owner is entitled to the rents and profits during this period. (*Smith v. Shaver*, 112 Kan. 790, 212 Pac. 666; *Slabaugh v. State Bank*, 123 Kan. 484, 256 Pac. 139; *Hay v. Crawford*, 159 Kan. 723, 158 P. 2d 463, 159 A. L. R. 388.)

One of the most important purposes of the redemption statutes is to provide the mortgagor with rents and profits from the property during the redemption period to enable him to redeem. Such purpose is specifically indicated in G. S. 1949, 60-3461, which provides the holder of the certificate of purchase may appoint a receiver to take possession in order to prevent waste; "but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of the legal title." This court has consistently held that any provision written into a mortgage attempting to waive the right of possession of the property, or to the rents, income and profits therefrom during the period of redemption, is void. (*Capitol B. & L. Ass'n v. Ross*, 134 Kan. 441, 7 P. 2d 86.) This court held in *Mace v. Norwood*, 155 Kan. 302, 124 P. 2d 497:

"Under our mortgage redemption statute (G. S. 1935, 60-3438 *et seq.*) the mortgagor is entitled to the use of rents of the mortgaged property during the period of redemption, and any contract or plan, not specifically authorized by statute, which would defeat his right to such use or rent is in conflict with the statute, and therefore invalid." (Syl. ¶ 3.)

The position of this court was well stated in *Capitol B. & L. Ass'n v. Ross,* supra:

"Appellant argues the right to redeem within the period named in the statute and the right of the defendant owner to the possession of the property during that time are separate and distinct things from the rents, profits or income from the property, and says it is not attempting to take from the defendant owner the right to redeem—in fact, hopes he will redeem—nor is it trying to take from him the naked right of possession, but insists that it is entitled to rents and income. That construction of the statute would give the defendant owner naked legal rights as distinct from the beneficial rights which would grow out of the rents and profits of the property, and is a construction not consistent either with the purposes of the statute as a whole or with the interpretation previously placed upon it by this court." . . . (p. 443.)

The right to possession and to income are incidents which inhere in the right of redemption. If we take this right to possession and income from the mortgagor, who otherwise lacks sufficient funds to redeem, then to him the redemption period becomes a useless superfluity and the right of redemption a vain thing. (*Smith v. Shaver,* 112 Kan. 790, 212 Pac. 666.)

Perhaps the most important aspect of the case before us was the failure of New Hope to waive its equity of redemption. We realize the above-cited cases involve individual mortgagors, who, under G. S. 1949, 60-3438, could not waive their redemption rights. However, New Hope's failure to waive its right of redemption brings the present case within the foregoing rules. The policy of protecting mortgagors in this state is too important to allow even a corporate mortgagor to waive its rights to possession and income without also waiving its equity of redemption.

We have been asked to construe an exception to our redemption statutes. The statutes must, of course, be construed in their entirety with a view of giving effect to the legislative intent. It must be remembered that ordinarily a strict or narrow interpretation is applied to statutory exceptions. (50 Am. Jur., Statutes, § 431, p. 451.) In construing a statute, any doubt should be resolved against the exception, and anyone claiming to be relieved from the statute's operation must establish that he comes within the exception. (Crawford, Statutory Construction, § 299, p. 610.)

The exception contained in section 60-3439 simply provides that a corporate mortgagor may waive its right of redemption. There is absolutely no language in the exception concerning the waiver of possession, or income and profits. The policy of protecting mortgagors and their transferees under our redemption statutes is so strong that this court has never allowed a mortgagor to waive his rights to possession, or to rents and profits. In view of this policy, in our opinion, if the legislature intended to allow a corporation to waive its rights to possession and to rents and profits without waiving its right of redemption, then this should have been specifically spelled out in 60-3439. We cannot arbitrarily add another exception to this statute. (*National Bank of Topeka v. Saia,* 154 Kan. 740, 747, 121 P. 2d 251, 138 A. L. R. 1290.)

In view of what has been said, we think the trial court erred in holding that Broadhurst was entitled to the possession of, and the rents and profits from, the real estate in question during the redemption period. That portion of the judgment is reversed with direction to award the possession and rents and profits to the owner or titleholder. The judgment in other respects is affirmed.

It is so ordered.