No. 45,193

First Federal Savings & Loan Association of Coffeyville, Coffeyville, Kansas, *Appellee,* v. Bobby Wayne Moulds, Also Known as Bobby W. Moulds, Lela A. Moulds, *Appellants.*

(451 P. 2d 215)

Opinion filed March 8, 1969.

*T. Richard Liebert,* of Coffeyville, argued the cause, and *Frank W. Liebert,* of Coffeyville, was with him on the brief for the appellants.

*Paul A. Lamb,* of Coffeyville, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: At issue here is the propriety of the appointment of a receiver during the redemption period in a mortgage foreclosure action.

November 28, 1966, plaintiff-appellee filed its petition to foreclose a mortgage on a house and lot in Coffeyville, Kansas, executed June 10, 1965, by defendants-appellants. Personal service of summons was obtained on appellants. They failed to appear in the action. On February 10, 1967, default judgment was rendered against them for the principal sum of $8,560.19, plus interest, and the mortgage was ordered foreclosed and the real estate sold. The judgment recited the mortgage was a purchase money mortgage, that less than one-third of the purchase price of the real estate had been paid, and the period of redemption from sale was fixed at six months. May 1, 1967, the property was sold at sheriff's sale, appellee bidding it in for the sum of $7,950.00. The same day the sale was duly confirmed by the court and a deficiency judgment in favor of appellee and against appellants in the sum of $1,032.69 was entered. May 4, 1967, appellee filed its motion for the appointment of a receiver, stating in pertinent part as follows:

"2. That the purchase price of said real estate was the sum of Eight Thousand Seven Hundred ($8,700.00) Dollars, which sum was the amount of the note and mortgage given by the defendants upon said property. That the defendants herein defaulted in the payments on said note and mortgage the 1st day of September, 1966. That the defendants herein have paid on the note and mortgage the sum of One Hundred Thirty-Nine and 81/100 ($139.81) Dollars.

"3. That the plaintiff believes that the defendants herein, Bobby Wayne Moulds, also known as Bobby W. Moulds, and Lela A. Moulds, his wife, have collected the sum of Four Hundred Eighty ($480.00) Dollars rent on this property since the 1st day of September, 1966. That the note and mortgage set out in this action is what is commonly called a VA loan, and such loan is guaranteed by the Veterans Administration. That the premises involved herein are rented for the sum of Sixty ($60.00) Dollars per month. That the period of redemption on this property is fixed at six (6) months, and if the property is rented at Sixty ($60.00) Dollars per month, this would amount to the sum of Three Hundred Sixty ($360.00) Dollars. This sum, together with the Four Hundred Eighty ($480.00) Dollars heretofore collected, would amount to Eight Hundred Forty ($840.00) Dollars.

"4. That the real estate described in plaintiff's petition will depreciate in value during the next six months, and that the same is in need of repairs,

and that the income from said property should be used for the upkeep and maintenance of said property during the period of redemption.

"5. That a receiver should be appointed by this court with authority to make the necessary repairs and see that said property is maintained so that the same will not depreciate in value during the period of redemption."

Appellee mailed a copy of this motion to appellants, with a notice the motion would be heard May 12, 1967. On May 26, 1967, the motion was heard by the trial court. Appellee offered the testimony of a realtor who makes appraisements for the Veterans Administration. This witness testified he had investigated the property involved in this action; that he made an initial report to the Veterans Administration in which he told them that:

". . . in his estimation . . . the house needed a new kitchen cabinet top, estimated to cost about $25; a new inlaid linoleum on the kitchen floor, estimated to cost about $25; interior decorations estimated to cost about $170, and a front entrance door, estimated to cost about $35. He further testified that the property was showing the need of paint on the exterior, and that within another four or five months it would need paint badly. This includes outside paint to prime and prepare the surface to prime the bare spots and give it one coat of good grade paint at an estimated cost of about $200."

He further testified the property was being rented for $60.00 per month, and "if nothing unusual comes up other than regular maintenance, it wouldn't take too much extra time and his charges would be $6 per month."

At this hearing in response to inquiry by the court as to what appellee proposed to do with the rent money, counsel for appellee stated it was intended to make these necessary repairs to keep the property maintained; that the appellants had no equity in the property; they had received more money out of it than they put in; they had borrowed the full amount of the purchase price and had already collected rent in excess of the amount they had invested in the property, and it was not right or equitable for them to collect the rent and let the property go to rack and ruin, and a receiver was asked for so that the property could be improved out of the rent; that the receivership was requested by the Veterans Administration.

Appellee's motion was sustained May 26, 1967, and a receiver was appointed, the trial court's order reciting the receiver was authorized to collect the rent during the redemption period, and "to make any necessary repairs to said property and maintain it, so that the same will not depreciate in value during the period of

redemption," and that the receiver should be paid $6.00 per month and such expense as he may incur as receiver out of the rents collected.

On June 6, 1967, appellants filed their motion requesting the receivership be set aside as wrongfully obtained and asking for damages, including a reasonable attorney's fee, for the wrongful procurement of the receivership. In said motion they asserted certain procedural defects in the procurement of the receivership but primarily alleged lack of authority to order a receivership during the redemption period. July 6, 1967, the trial court denied appellants' motion and they have now appealed to this court.

Appellee first challenges appellants' right to be heard, pointing out that the order appealed from does not involve an amount in excess of $500 as required by K. S. A. 60-2102 (*a*) (4). It is true the amount of rent payable during the redemption period would be less than $500. However, K. S. A. 60-2102 (*a*) (4) is only one of several separate statutes authorizing appeal and it does not exclusively prescribe orders which are appealable as of right. It merely authorizes appeals from the type of orders specified therein, and the dollar limitation it prescribes in an action to recover money has no application to other statutory provisions for appeals to this court.

K. S. A. 60-2102 (*a*) (3) provides that the appellate jurisdiction of this court may be invoked by appeal as a matter of right from "An order that appoints a receiver, or refuses to wind up a receivership. . . ." Moreover, K. S. A. 60-1305, a part of our procedural article authorizing appointment of a receiver, provides:

"An aggrieved party may, within ten (10) days, appeal from an order appointing or refusing to appoint a receiver without awaiting final determination of the proceeding."

These statutes are in harmony with our long-standing view that an order appointing a receiver is appealable (*Smith v. Shaver*, 112 Kan. 790, 212 Pac. 666), and this is true regardless of the amount of money involved.

Appellee challenges appellants' right to be heard on another score. It says that on June 1, 1967, it filed in the trial court an assignment of its judgment to the Veterans Administration and that no notice of appeal was ever served on the Veterans Administration. A similar objection was raised in *Smith v. Shaver*, supra, to no avail. There, as here, service of the notice of appeal was had

upon the one procuring the appointment of the receiver, which appointment was prior to any assignment of interest. Beyond this, however, the matter would seem settled by K. S. A. 60-255 (c) which provides:

"In cases of any transfer of interest, the action may be continued by or against the original party, unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

The Veterans Administration has never been substituted in this action or joined with the original party. Appellee procured the order which is the subject of this appeal.

Appellee defends and appellants attack the receivership proceeding upon other purely procedural grounds. We have considered these but go directly to the principal question raised: Was the trial court authorized to appoint a receiver?

The right to possession, and to the rents and profits, of property being foreclosed, during the period of redemption is, under K. S. A. 60-2414 (a), in the defendant owner of the property, and, except for waste, this right is absolute (Howard v. Tourbier, 98 Kan. 624, 160 Pac. 1144; Smith v. Shaver, supra; Aley v. Schroeder, 144 Kan. 739, 62 P. 2d 885; Mid-Continent Supply Co. v. Hauser, 176 Kan. 9, 269 P. 2d 453; Broadhurst Foundation v. New Hope Baptist Society, 194 Kan. 40, 397 P. 2d 360).

K. S. A. 60-2414 (p), dealing with the right of redemption of real estate sold upon foreclosure, provides:

"The holder of the certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction, or, when required to protect said premises against waste, appoint and place in charge thereof a receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same, but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the person who otherwise would be entitled to possession during the period of redemption."

Appellee defends the receivership proceeding upon the theory of waste—that it was pleaded in its motion and proved upon the hearing at which the receiver was appointed.

In Black's Law Dictionary, 4th ed., we find the term "waste" defined thus:

"An abuse or destructive use of property by one in rightful possession. . . . A destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person right-

fully in possession, but who has not the fee title or the full estate. . . . An unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in its substantial injury."

This court has dealt infrequently with the subject, but has declared waste where timber was cut and rock quarried upon premises (*Snyder v. Hopkins,* 31 Kan. 557, 3 Pac. 367; *Holmberg v. Johnson,* 45 Kan. 197, 25 Pac. 575) and where there was an abandonment and failure to protect a building along a railroad right-of-way, formerly used as a mill, which building had its windows and doors removed (*Loftus v. Mill Co.,* 91 Kan. 856, 139 Pac. 480). The term implies neglect or misconduct resulting in material damage to or loss of the property, and this is the class of cases in which receivers have traditionally been appointed (75 C. J. S., Receivers, §§ 18-20). We are aware of no cases in which ordinary depreciation of property due to age and normal use has been declared to be waste for the purpose of appointment of a receiver. In *Aley v. Schroeder,* supra, this court specifically held that during the period of redemption no portion of the rents could be withheld from the defendant owner for the purpose of paying taxes, insurance or *repairs* on the mortgaged real estate.

We have already set forth appellee's motion for the appointment of receiver—the heart of which is contained in paragraph 4—and the evidence offered in support thereof. We find no mention of waste in either, nor anything which can reasonably be construed to be of that character, and the trial court's order made no finding of waste. All that was alleged or shown was some need for ordinary repair or upkeep due to passage of time and normal use. This was an insufficient showing upon which to appoint a receiver and thus deprive the owner of his right to the rents and profits during the period of redemption, a right which this state's legislative policy has always protected (*Broadhurst Foundation v. New Hope Baptist Society,* supra). We hold the receiver was wrongfully appointed, the receivership should be set aside, and appellants should be restored to the rents and profits of the property during the redemption period free and clear of the costs and expenses of the receivership (*Howard v. Tourbier,* supra; *Smith v. Shaver,* supra).

Appellants further contend the trial court erred in refusing to assess damages against appellee for wrongfully procuring the receivership. We agree. One who causes or procures the wrongful appointment of a receiver is liable for the resultant damages, in-

cluding attorney fees of counsel employed to procure vacation of the order appointing the receiver (*Petersime Incubator Co. v. Ferguson*, 143 Kan. 151, 53 P. 2d 505; 75 C. J. S., Receivers, § 431).

Accordingly the trial court's judgment is reversed with directions to sustain appellants' motion to set aside the receivership order and to assess damages resulting from the wrongful procurement of the order in accord with the views herein expressed.

APPROVED BY THE COURT.